Elizabeth K. Ehret
Attorney at Law
3800 O'Leary St., #104
Missoula, MT 59808
T: (732) 312-7400
elizabeth.k.ehret@gmail.com

Matthew Strugar
(*pro hac vice* application forthcoming)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| RANDALL MENGES,<br><br>                Plaintiff,<br><br>  v.<br><br>TIM FOX, Attorney General of the State of Montana; GARY SEDER, Bureau Chief of the Montana Crime Information Bureau; and SARA MALIKIE, Head of the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office, each in their official capacities,<br><br>                Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

**Nature of Action**

1. This case involves the lingering effects of centuries of homophobic "sodomy" prohibitions.

2. Such laws, which prohibit nonprocreative sex acts traditionally associated with homosexuality (i.e., oral and anal sex), were universal among the states and territories from the founding of the Republic through to the 1960s. In the late twentieth century, a few states began

1
Complaint for Declaratory and Injunctive Relief

repealing their sodomy laws and some state courts began to invalidate them. Then, in 2003, the Supreme Court held that laws that criminalize oral or anal sex (with no other elements) violate substantive due process and are invalid under the Fourteenth Amendment. *See generally Lawrence v. Texas*, 539 U.S. 558 (2003).

3. But some disabilities created by these unconstitutional laws remain. Here, through operation of a number of intertwined state laws, Montana forces Plaintiff Randall Menges to register as a sex offender for a 1994 conviction for consensual sodomy. Just as such convictions are unconstitutional post-*Lawrence*, Montana's requirement that people with pre-*Lawrence* sodomy convictions register as sex offenders is also unconstitutional.

4. Menges brings this action to prevent state and county officials from continuing to require him to register as a sex offender and compelling Defendants to remove Menges from the Sexual or Violent Offender Registry, expunge all records signaling his past inclusion on the registry, and/or enjoining Defendants from administering and enforcing the registry law as to pre-*Lawrence* sodomy convictions from other states.

## Parties

**Plaintiff**

5. Randall Menges is a resident of Idaho.

**Defendants**

6. Tim Fox is the Attorney General of Montana. As Attorney General, Fox oversees the enforcement of Montana's criminal statutes. He is sued in his official capacity and, on information and belief, resides in Montana.

7. Gary Seder is the Bureau Chief of the Montana Crime Information Bureau. The Crime Information Bureau is responsible for administering and maintaining Montana's Sexual or Violent Offender Registry (SVOR). In addition to maintaining the online registry, the Crime Information Bureau is also the state agency that disperses information about the registry to the public. Seder is sued in his official capacity and, on information and belief, resides in Montana.

8. Sara Malikie runs the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office. On information and belief, she is responsible for maintaining Mr. Menges on the Sexual or Violent Offender Registry.

9. Each of the Defendants is a person under 42 U.S.C. § 1983 and acted and continues to act under color of state law as to the allegations in this complaint.

## Jurisdiction and Venue

10. Plaintiff's claims are brought under 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, and Article II, Section 10 of the Montana Constitution.

11. This Court has jurisdiction to hear Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367, as it arises from the same case or controversy as Plaintiff's federal claims.

12. Venue is proper in the United States Court for the District of Montana under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts that gave rise to this lawsuit occurred principally in this judicial district. This District is also an appropriate venue under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district.

## Statement of Facts

**Legislative and Judicial History of Sodomy Prohibitions**

13. Like most states, Montana once criminalized same-sex sexual activity. Section 45-5-505 of the Montana Code prohibited "deviate sexual relations," which section 42-2-101 defined as "sexual contact or sexual intercourse between two persons of the same sex."

14. Montana also once mandated sex offender registration for people who were convicted of having "deviate sexual relations" under Montana's statute. But in 1995, the state legislature repealed that requirement. *See* 1995 Amendments to § 46-23-502, MCA (removing registration requirement for deviate sexual intercourse between human beings but keeping it for bestiality convictions).

15. In 1997, the Montana Supreme Court found that section 45-5-505 was unconstitutional under the Montana Constitution "as applied to . . . consenting adults engaging in private, same-gender, non-commercial, sexual conduct." *Gryczan v. State*, 283 Mont. 433, 456, 942 P.2d 112, 126 (1997).

16. In 2003, the United States Supreme Court facially invalidated a Texas statute that criminalized sexual activity between people of the same sex. In *Lawrence*, the Supreme Court explicitly overruled its prior precedent, *Bowers v. Hardwick*, 478 U.S. 186 (1986), that had held that such sexual conduct received no constitutional protection. *Lawrence*, 539 U.S. at 578. In the words of the Court, *Bowers*—a facial challenge to Georgia's sodomy prohibition—"was not correct when it was decided, and it is not correct today. It ought not to remain binding precedent. *Bowers v. Hardwick* should be and now is overruled." *Id*. In so doing, the United States Supreme Court facially invalidated all still-then-existing sodomy statutes.

17. Ten years later, Montana formally revised its law to remove the prohibition on same-sex sexual activity by amending the definition of "deviate sexual intercourse" to apply only to acts of bestiality. *See* 2013 amendment to § 45-2-101, MCA (deleting "sexual contact or sexual intercourse between two persons of the same sex or" from definition of "deviate sexual relations").

18. In summary, 1) the Montana legislature repealed the sex offender registration requirements for people convicted of having same-sex sexual activity; 2) the Montana Supreme Court declared Montana's prohibition on same-sex sexual activity unconstitutional under the Montana Constitution; 3) the United States Supreme Court declared all such laws unconstitutional under the United States Constitution; and 4) the Montana legislature formally repealed the state's prohibition on same-sex sexual activity.

19. Yet, through a combination of other states' obstinance and how Montana treats out-of-state convictions for the purposes of registration, some people with pre-*Lawrence* convictions for same-sex sexual activity, like Menges, are *still* forced to register as sex offenders in Montana.

**Operation of the SVOR**

20. The Montana Sexual or Violent Offender Registration Act, § 46-23-501, *et seq.*, MCA, specifically identifies all violations of Montana law that subject the convicted to registration. § 46-23-502(9)(a), MCA.

21. But in addition to designated violations of Montana law that trigger registration requirements, the SVOR also requires registration for certain out-of-state convictions. § 46-23-502(9)(a), MCA. Someone with an out-of-state conviction can be forced to register in two ways: 1) if that out-of-state conviction was for a law that is substantially equivalent to a Montana law for which registration is required; or 2) if the state of conviction requires registration for the offense. § 46-23-502(9)(b), MCA.

**Montana Forces Menges to Register for a Pre-*Lawrence* Violation of Idaho's Crime Against Nature Law**

22. Menges was convicted in 1994 under Idaho's Crime Against Nature statute, I.C. § 18-6605, for having consensual sex with two other males.

23. Idaho's Crime Against Nature statute, I.C. § 18-6605, states, in full, "[e]very person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years." The same version of this law was in operation in 1994. In fact, the same prohibition has existed for over a century, save for updating "Territorial" to "state" prison to reflect Idaho's admission to the union.

24. Idaho courts have interpreted the Crime Against Nature statute to bar oral ("*per os*") or anal ("*per anum*") sex. *See, e.g.*, *State v. Altwatter*, 29 Idaho 107, 157 P. 256 (1916).

25. Idaho mandates sex offender registration for people convicted under its Crime Against Nature statute. I.C. § 18-8303(1)(a).

26. Because Montana's SVOR requires registration for any out-of-state conviction for which the originating state requires registration, § 46-23-502(9)(b), MCA, Montana requires Menges to register for his 1994 Crime Against Nature conviction—even though the Montana

5

Supreme Court declared Montana's equivalent statute unconstitutional under the Montana Constitution, Montana affirmatively removed the registration requirement for Montana's equivalent statute, the U.S. Supreme Court declared such laws unconstitutional under the U.S. Constitution, and Montana repealed its equivalent statute.

**Registration Burdens**

27.     Registration requires a registrant to give significant personal information to those who maintain the SVOR. A registrant must provide all names and aliases, their social security number, all addresses where the registrant regularly residents (regardless of the number of nights spent at that location), name and address of any school where the registrant is a student, driver's license information, description and license plate number of any vehicle owned or operated by the registrant, email addresses, and social media screen names; a photograph; fingerprints; and a DNA sample. § 46-23-504(3)(a–h), MCA.

28.     Registrants must notify the SVOR within three business days of any changes in residence, employment, or student status. § 46-23-505(1), MCA.

29.     Registrants must notify the SVOR if they leave the county of their registration for more than 10 days. § 46-23-505(4), MCA.

30.     Anyone subject to registration must register within three business days of entering a Montana county if the registrant intends to be present for longer than 10 consecutive days or for longer than an aggregate of 30 days in a calendar year. § 46-23-504(1)(c), MCA.

31.     Registrants must pay the costs associated with registration. § 46-23-504(8), MCA.

32.     Registration is for life. § 46-23-506(1), MCA.

33.     Failing to register or to keep the registration current is a felony punishable by up to 5 years and $10,000. § 46-23-507, MCA.

**Facts Specific to Menges**

34.     Plaintiff Randell Menges has exactly one registerable criminal conviction—a 1994 conviction for Idaho's Crime Against Nature, I.C. § 18-6605. His conviction predated the

United States Supreme Court decision in *Lawrence* striking down statutes criminalizing oral and anal sex by nine years.

35. Menges turned 18 in October of 1993. He lived at Pratt Ranch in Gem County, Idaho, which was a 12-bed youth foster program and working ranch for troubled young men. When Menges turned 18, he remained at Pratt Ranch to continue performing ranch work.

36. In December of 1993, the Gem County Sheriff's Department investigated a report that three males at Pratt Ranch had engaged in sexual activity with each other. The other two males were 16 years old.

37. The Gem County police reports reflect that the sex was consensual and that the other two males were sexually active with each other before getting Menges involved.

38. Gem County charged Menges with one count of Crime Against Nature. He reached a plea agreement with the prosecution that, in exchange for a guilty plea, the prosecutor would suggest Menges be placed on a term of probation.

39. The Court sentenced Menges to a five-year determinate and ten-year indeterminate sentence.

40. After being released from imprisonment, Menges relocated to Montana.

41. As a result of his 1994 conviction for a consensual Crime Against Nature in Idaho, Montana mandated that he register on the Montana SVOR.

42. There was no crime other than Crime Against Nature that Menges could have been charged with or convicted of for this sexual activity that would have required registration. While Idaho law today requires at least a three-year age gap between an adult and minor to constitute statutory rape, I.C. § 18-6101(1) & (2), in 1993 any oral, anal, or vaginal sex between an adult and a minor constituted statutory rape, I.C. § 18-6101(1) (1993). But statutory rape for an 18-year-old offender is not and has never been a registerable offense in Idaho. I.C. § 18-8304(1)(a) (making registration convictions for "18-6101 (rape, but excluding 18-6101(1) [statutory rape] where the defendant is eighteen years of age)"). And an 18-year-old and a 16-year-old having consensual sex would not be an equivalent to a registerable offense under the

Complaint for Declaratory and Injunctive Relief

Montana SVOR because 16 is and has been the age of consent in Montana. § 45-5-501(1)(b)(iv), MCA.

43. In late March of 2020, Menges left Montana for Washington state, in part because Washington does not require registration for Menges's 1994 conviction for consensual Crime Against Nature. He informed the Missoula County Sheriff's Department by phone that he was leaving the state.

44. Earlier this month, Menges returned to Idaho.

45. Nevertheless, Menges currently remains on the SVOR in Montana.

46. In an attempt to have Menges removed from the registry, Menges's counsel made repeated calls to Defendant Malikie at the Missoula County Sheriff's Department's Sexual and Violent Offender Unit in November 2020 seeking to have him removed from the registry on account of him not residing in the state for many months. Despite leaving numerous messages,

47. neither Defendant Malikie nor anyone else from the Unit returned counsel's calls.

48. In the time between counsel's calls to Defendant Malikie and December 4, 2020, Menges was marked noncompliant with the Montana SVOR. On information and belief, Defendant Malikie marked Menges noncompliant.

49. In December of 2020, Menges was kicked out of a homeless shelter in Boise on account of being marked noncompliant with the Montana SVOR. It was 28 degrees that night.

50. Menges has the present desire to relocate to Montana or at least return to Montana to seek employment, specifically ranch or rodeo work.

51. The registration requirement presents a significant impediment to Menges returning to Montana. Because registration burdens his everyday life and presents a significant barrier to obtaining employment, housing, or even maintaining social relationships, Menges has not returned to Montana.

52. Even if Menges were only to come to Montana in search of employment opportunities, the registration statute mandates registration for anyone who enters the state for longer than 10 days. § 46-23-504(1)(c), MCA.

53. Menges's inclusion on the Montana SVOR presents ongoing harm. In November 2020, Menges applied to deliver food through the Postmates platform, but Postmates rejected him on account of his inclusion on the Montana SVOR.

54. Menges suffers continuing harm as a result of Montana mandating registration on the SVOR for his 1994 conviction for consensual same-sex sexual activity criminalized by the Idaho Crime Against Nature statute.

### First Cause of Action
### Fourteenth Amendment: Due Process
### 42 U.S.C. § 1983

55. Menges incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

56. Menges brings this claim against all Defendants in their official capacities.

57. Defendants' maintenance, administration, and enforcement of the SVOR with respect to Menges violates Menges's rights to due process under the Fourteenth Amendment of the United States Constitution and the clear mandate of *Lawrence v. Texas*.

58. All Defendants' actions are under color of law and enabled by their authority as state officers.

59. Menges has no adequate remedy at law or other effective means of enforcing his Fourteenth Amendment right to due process other than by seeking declaratory and injunctive relief from the Court.

60. Menges is entitled to declaratory relief in the form of this Court ruling that the Montana Sexual or Violent Offender Registration Act's requirement that an individual register as a sex offender for an out-of-state conviction for which that state requires registration, § 46-23-502(9)(b), MCA, is unconstitutional as-applied to Menges and anyone with a pre-*Lawrence* conviction for any statute in which engaging in oral or anal sex was the sole element.

61. Menges is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho's Crime Against Nature statute, I.C. § 18-6605, through the

Montana SVOR, against Menges for his 1994 conviction under Idaho's Crime Against Nature law.

62. Menges is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho Code § 18-6605 as applied to Menges's Crime Against Nature conviction.

63. As a result of Defendants' unlawful conduct, Menges is suffering harm, including embarrassment, humiliation, shame, fear, loss of opportunity (including, but not limited to, career, professional, economic, housing, educational, and social opportunities), and stigma.

### Second Cause of Action
### Fourteenth Amendment: Equal Protection
### 42 U.S.C. § 1983

64. Menges incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

65. Menges brings this claim against all Defendants in their official capacities.

66. Defendants' maintenance, administration, and enforcement of the SVOR with respect to Menges violates Menges's rights to equal protection under the Fourteenth Amendment of the United States Constitution because it has no rational relationship to a legitimate governmental interest, but rather is a result of animus toward non-procreative sex acts traditionally associated with homosexuality.

67. All Defendants' actions are under color of law and enabled by their authority as state officers.

68. Menges has no adequate remedy at law or other effective means of enforcing his Fourteenth Amendment right to equal protection other than by seeking declaratory and injunctive relief from the Court.

69. Menges is entitled to declaratory relief in the form of this Court ruling that the Montana Sexual or Violent Offender Registration Act's requirement that an individual register as a sex offender for an out-of-state conviction for which that state requires registration, § 46-23-

502(9)(b), MCA, is unconstitutional as-applied to Menges and anyone with a pre-*Lawrence* conviction for any statute in which engaging in oral or anal sex was the sole element.

70.  Menges is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho's Crime Against Nature statute, I.C. § 18-6605, through the Montana SVOR, against Menges for his 1994 conviction under Idaho's Crime Against Nature law.

71.  As a result of Defendants' unlawful conduct, Menges is suffering harm, including embarrassment, humiliation, shame, fear, loss of opportunity (including, but not limited to, career, professional, economic, housing, educational, and social opportunities), and stigma.

### Third Cause of Action
### Montana Constitution, Article II, Section 10
### Right of Privacy

72.  Menges incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

73.  Menges brings this claim against all Defendants in their official capacities.

74.  Defendants' maintenance, administration, and enforcement of the SVOR with respect to Menges violates Menges's rights to privacy under Article II, Section 10 of the Montana Constitution.

75.  All Defendants' actions are under color of law and enabled by their authority as state officers.

76.  Menges has no adequate remedy at law or other effective means of enforcing his Article II, Section 10 right to privacy other than by seeking declaratory and injunctive relief from the Court.

77.  Menges is entitled to declaratory relief in the form of this Court ruling that the Montana Sexual or Violent Offender Registration Act's requirement that an individual register as a sex offender for an out-of-state conviction for which that state requires registration, § 46-23-

502(9)(b), MCA, is unconstitutional as-applied to Menges and anyone with a pre-*Lawrence* conviction for any statute in which engaging in oral or anal sex was the sole element.

78. Menges is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho's Crime Against Nature statute, I.C. § 18-6605, through the Montana SVOR, against Menges for his 1994 conviction under Idaho's Crime Against Nature law.

79. Menges is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho Code § 18-6605 as applied to Menges's Crime Against Nature conviction.

80. As a result of Defendants' unlawful conduct, Menges is suffering harm, including embarrassment, humiliation, shame, fear, loss of opportunity (including, but not limited to, career, professional, economic, housing, educational, and social opportunities), and stigma.

## Request for Relief

Plaintiff respectfully requests an order and judgment:

1. Declaring that his inclusion on the Montana SVOR for a 1994 conviction of Idaho Code § 18-6605 is unconstitutional;

2. Declaring that the Montana Sexual or Violent Offender Registration Act's requirement that an individual register as a sex offender for an out-of-state conviction for which that state requires registration, § 46-23-502(9)(b), MCA, is unconstitutional as-applied to Menges and anyone with a pre-*Lawrence* conviction for any statute in which engaging in oral or anal sex was the sole element;

3. Declaring that Defendants' actions violate Plaintiff's rights under the Fourteenth Amendment to the United States Constitution;

4. Declaring that Defendants' actions violate Plaintiff's rights under Article II, Section 10 of the Montana Constitution;

5. Preliminarily and permanently enjoining Defendants from requiring Menges to register as a sex offender for his prior conviction under Idaho's Crime Against Nature statute, I.C. § 18-6605;

6. Ordering Defendants to permanently remove Plaintiff from the Montana SVOR;

7. Ordering Defendants to expunge all state records indicating that Plaintiff was ever subject to registration on the Montana SVOR;

8. Ordering Defendants to alert all agencies who were provided information about Plaintiff's registration (including courts, police departments, sheriff's departments, and the Federal Bureau of Investigation) that this information is no longer valid;

9. Waiving the requirement for the posting of a bond as security for entry of temporary or preliminary injunctive relief;

10. Awarding Plaintiffs his costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and other applicable laws; and

11. Ordering such other relief as this Court deems just and proper.

Date:   December 9, 2020          Respectfully submitted,

/s/ Elizabeth K. Ehret_____
Elizabeth K. Ehret
Attorney at Law
3800 O'Leary St., #104
Missoula, MT 59808
T: (732) 312-7400
elizabeth.k.ehret@gmail.com

Matthew Strugar
(*pro hac vice* application forthcoming)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com