AUSTIN KNUDSEN
Montana Attorney General
HANNAH E. TOKERUD
MATTHEW T. COCHENOUR
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
hannah.tokerud@mt.gov
mcochenour2@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL MENGES,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN KNUDSEN, Attorney General of the State of Montana; GARY SEDER, Bureau Chief of the Montana Crime Information Bureau; and SARA MALIKIE, Head of the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office, each in their official capacities,<br><br>Defendants. | CV 20-178-M-DLC-KLD<br><br><br>**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY** |

## INTRODUCTION

Randall Menges claims that Montana is requiring him to register as a sex offender because back in 1994 he engaged in "gay sex" in Idaho. Doc. 9-1 at 8.[1] This argument is as hyperbolic as it is offensive. Montana requires Menges to register not because of his criminal offense, but because Montana gives credit to other states' determinations about convicted offenders who are required to register. Idaho has determined that Menges must register, and thus, when Menges moved to Montana he was required to register.

At heart, Menges asks this Court to weigh in on the constitutionality of Idaho's "crimes against nature" statute. This Court should decline the invitation because Menges is already challenging the constitutionality of that statute in Idaho federal court. Further, Menges has asked the Idaho court to enjoin the statute, and such a ruling would likely moot this case. On the other hand, if both the Idaho and Montana federal courts take up Menges's challenge, there is a risk of not only wasted judicial resources but conflicting decisions. Given Menges's

---

[1] Page cites refer to ECF document pagination.

constitutional challenge in Idaho, the State asks this Court to stay this action until the Idaho court has ruled on the pending motions.

## BACKGROUND FACTS

When Randall Menges was 18, he worked at an Idaho camp for troubled boys. Doc. 9-2 at 2.[2] While working there, he had sex with two 16-year-old residents, which led to an investigation of possible sexual abuse. *Id.*; Doc. 9-6. Menges was convicted for violating Idaho's "crimes against nature" statute. Doc. 1 at 5. Idaho law requires that Menges register as a sex offender. *Id.* Menges is currently registered as a violent sexual offender in Idaho. Cochenour Decl., Ex. A (Menges's Idaho offender profile).

Menges alleges that he wants to relocate to Montana. Doc. 1 at 8. Under Montana's Sexual or Violent Offender Registration Act, a person must register as a sexual offender in Montana for "any violation of a law of another state . . . for which the offender was required to register as a sexual offender after an adjudication or conviction." Mont. Code

---

[2] For purposes of this motion, the State takes the facts from Menges's filings; however, the State does not waive the right to contest any assertions that Menges has made in his complaint or any other filing.

Ann. § 46-23-502(9). Because Idaho requires Menges to register, Montana law requires him to register in Montana. *Id.*

Menges has brought an as-applied challenge to Montana's registration requirement. Doc. 1. The premise underlying his lawsuit is that Idaho's "crimes against nature" statute is unconstitutional after *Lawrence v. Texas*, 539 U.S. 558 (2003), and he should not have to register for same-sex conduct. Doc. 1. Menges's primary quarrel is with Idaho's statute, and he asks that Montana be enjoined from enforcing Idaho's "crimes against nature" statute. *See* Doc. 1 at 9-12.

Menges is contemporaneously challenging the Idaho statute and registration requirement in Idaho federal court. Cochenour Decl., Ex. B (Menges's Idaho amended complaint). The Idaho suit rests on the same underlying rationale as this case: Menges argues that Idaho's registration requirement for a "crimes against nature" conviction is unconstitutional and violates *Lawrence*. *Id.* at 13. Menges specifically seeks to enjoin Idaho from requiring him to register, to remove him from the registry, and to expunge state records related to his registration. *Id.* at 23.

# ARGUMENT

## I. This Court should stay this action until the Idaho federal court rules on Menges's constitutional challenge to Idaho's registration requirement.

District courts possess the inherent, incidental power to stay trial proceedings. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (holding that a court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). In *Landis*, the Supreme Court provided guidance, or "counsels of moderation," to consider when determining whether to stay proceedings, such as whether the party seeking a stay has shown a hardship or that it would be inequitable to proceed; these "counsels" are not limits on a court's authority. *Id.* at 255. Rather, district courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

Here, this Court should exercise its inherent discretionary authority and stay the proceedings because allowing Menges to simultaneously pursue the same constitutional challenge to the same

Idaho statute in two federal courts is inequitable, potentially wastes judicial resources, and risks conflicting decisions.

First, a decision in the Idaho case could moot or resolve this case. The only reason that Menges is required to register in Montana is because Idaho requires him to register as a sex offender, and Montana requires registration from people who are required to register for sex crimes in another state. Mont. Code Ann. § 46-23-502(9). If the Idaho court issues a decision that removes the registration requirement, then Montana's registration requirement would cease to exist and this case would be moot. On the other hand, if the Idaho court were to determine that the law is constitutional, then Menges's complaint against Montana's law dissolves—after all, what quarrel can Menges have if his Idaho registration requirement is upheld? This counsels for a stay at least until the Idaho court issues a decision on the preliminary injunction motion.

Second, Menges's multi-forum attack on the Idaho statute is not only a waste of judicial resources but could result in different outcomes leaving the state of the law in doubt. To be clear, Menges's Montana lawsuit is essentially a constitutional attack on the Idaho statute

criminalizing "crimes against nature" and requiring registration. He says as much in his complaint. *See* Doc. 1 at 12-13 (seeking to enjoin Montana officials from "enforcing" Idaho's law through Montana's registry). But Menges is contemporaneously challenging the constitutionality of the statute in Idaho. If the Idaho court and this Court were to reach conflicting decisions, then Menges would have created confusion among the courts on the validity of the Idaho law. The confusion would not be abstract; rather, it would be a concrete disagreement on the how the law should apply *to him*. The Supreme Court counsels that it is only in "rare circumstances" that a litigant in one case should be required to "stand aside while a litigant in another settles the rule of law that will define the rights of both." *Landis*, 299 U.S. at 255. That, however, is not a concern here because Menges is the litigant in both cases.

Additionally, the Idaho challenge has broader public significance, which favors a stay. *Landis*, 299 U.S. at 256. Significantly, if Menges were to prevail in that case, he will not have to register in Idaho, or Montana, or any other state with a similar registration statute. Moreover, that relief would likely extend to those in a similar situation.

DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO STAY
PAGE 7

By contrast, if he were to prevail in this as-applied case, but lose in Idaho, then he—and he alone—will not have to register in Montana. However, he will still have to register in Idaho and other states with similar registration requirements.

As a final point, the State is not suggesting that this Court enter an indefinite stay. Such stays are disfavored. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). Rather, the State seeks a stay only until the Idaho court rules on the pending preliminary injunction motion and motion to dismiss. Regardless of how the Idaho court rules, the ruling will likely impact this litigation. The prudent course is to stay this action, which will promote judicial economy, conserve judicial resources, and ensure that there are not conflicting decisions.

## CONCLUSION

This Court should grant the State's motion for a stay.

Respectfully submitted the 26th day of January, 2021.

>AUSTIN KNUDSEN
>Montana Attorney General
>215 North Sanders
>P.O. Box 201401
>Helena, MT 59620-1401
>
>By:  */s/ Matthew T. Cochenour*
>MATTHEW T. COCHENOUR
>Assistant Attorney General
>Counsel for Defendants

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the work count calculated by Microsoft Word for Window is 1,307 words, excluding caption, certificate of service and certificate of compliance.

>*/s/ Matthew T. Cochenour*
>MATTHEW T. COCHENOUR
>Assistant Attorney General
>Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.  Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  January 26, 2021        /s/  Matthew T. Cochenour
                                                                             MATTHEW T. COCHENOUR
                                                                             Assistant Attorney General
                                                                             Counsel for Defendants