AUSTIN KNUDSEN
Montana Attorney General
HANNAH E. TOKERUD
MATTHEW T. COCHENOUR
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone:  406-444-2026
Fax:  406-444-3549
hannah.tokerud@mt.gov
mcochenour2@mt.gov

COUNSEL FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| RANDALL MENGES,<br><br>                    Plaintiff,<br><br>        v.<br><br>AUSTIN KNUDSEN, Attorney General of the State of Montana; GARY SEDER, Bureau Chief of the Montana Crime Information Bureau; and SARA MALIKIE, Head of the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office, each in their official capacities,<br><br>                    Defendants. | CV 20-178-M-DLC-KLD<br><br><br>**DECLARATION OF MATTHEW T. COCHENOUR** |

Matthew T. Cochenour declares as follows:

1.      I am one of the attorneys representing the Defendants in this matter, and I am competent to testify to the matters set forth.

2.      I am generally familiar with the claims, materials, documents, and pleadings exchanged and filed in this case, as well as other materials, documents, pleadings, and orders filed in other cases involving matters at issue in this case.

3.      The purpose of this Declaration is to provide the foundation and verification of accuracy of nonprivileged communications, pleadings, and/or other documents related to this proceeding, and to request the Court to take judicial notice of the exhibits hereto pursuant to Fed. R. Evid. 201 and Fed. R. Evid. 202.

4.      A court may take judicial notice of State administrative agency documents, including documents obtained from governmental websites. *Daniels-Hall v. National Educ. Assn.*, 629 F.3d 992, 998-99 (9th Cir. 2010). A court may also take judicial notice of matters of public record. *Safer Chemicals, Safer Families v. United States Environmental Protection Agency*, 943 F.3d 397, n.13 (9th Cir. 2019).

5.     The Idaho Sex Offender Registry listing Randall Menges as

a violent sexual predator is located at: https://www.isp.idaho.gov/sor_id/

SOR?id=34035&sz=1280. A true and correct copy of Menges's offender

profile is attached as Exhibit A.

6.     A true and correct copy of the Amended Complaint filed in

*Doe & Menges v. Wasden*, No. 1:20-cv-452-BLW (D. Idaho), is attached

as Exhibit B.

7.     I hereby declare under penalty of perjury that the foregoing

is true and correct.

Respectfully submitted this 26th day of January, 2021.

> AUSTIN KNUDSEN
> Montana Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By:    */s/Matthew T. Cochenour*
> MATTHEW T. COCHENOUR
> Assistant Attorney General
> Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the cm/ecf system.  Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  January 26, 2021

/s/ Matthew T. Cochenour
MATTHEW T. COCHENOUR
Assistant Attorney General
Counsel for Defendants

# Exhibit A

Menges's Idaho Sex Offender Registry listing:
https://www.isp.idaho.gov/sor_id/SOR?id=34035&sz=1280
(accessed January 25, 2021)



**Sex Offender Registry**

Official Website of the
**IDAHO STATE POLICE**

### Offender Identification



| | |
|---|---|
| **Reg ID:** | SX34035 |
| **KNO:** | 8004579 |
| **Name:** | MENGES, RANDALL L |

| **Aliases:** | MANGES, RANDY L | MENGES, RANDALL LEROY |
|---|---|---|
| | MENGES, RANDY | MINGES, RANDEL L |

| | | | |
|---|---|---|---|
| **Birth Date:** | October 16, 1975 | **Birth Place:** | CA |
| **Race:** | WHITE | **Sex:** | MALE |
| **Height:** | 5 ft 10 in | **Weight:** | 240 lbs |
| **Eye Color:** | BLUE | **Hair Color:** | BLONDE OR STRAWBERRY |

#### Primary Address

575 S 13TH ST
BOISE, ID 83702-6816
ADA COUNTY
A map of this registrant's address may be available, click here to view it.

### Photograph



**VIOLENT SEXUAL PREDATOR**

| | |
|---|---|
| Last Photo Date: | December 08, 2020 |
| Last Registered: | December 08, 2020 |
| Last Process: | VERIFY ADDR |
| Last Process Update: | January 12, 2021 |
| Last Verification Received: | January 12, 2021 |
| Reg Status: | COMPLIANT |

In order to track this offender via e-mail click here: Track Registrant

### Offenses Requiring Registration

| Offense | Description | Date | Place of Conviction |
|---|---|---|---|
| 18-6605 | CRIME AGAINST NATURE | April 11, 1994 | GEM ID |

**WARNING:**

The information in the Idaho sex offender registry is provided only for the purpose of protecting the public. It is not to be used for the purpose of harassing or intimidating anyone. A person who uses registry information to commit a criminal act against another person is subject to arrest and prosecution under sections 18-8326 or 18-8413, Idaho Code.

**NOTICE:**

This inquiry may not be used for any commercial purpose or for compiling a telephone or mailing list. Idaho Code 74-120.

Database as of: Jan 24 2021 at 03:37 PM
Copyright © 2013 State of Idaho. All rights reserved.

# Exhibit B

Amended Complaint (December 11, 2020)
*Doe & Menges v. Wasden*
No. 1:20-cv-452-BLW (D. Idaho)

Richard Eppink (Bar No. 7503)
AMERICAN CIVIL LIBERTIES UNION OF IDAHO FOUNDATION
P. O. Box 1897
Boise, ID 83701
United States
T: (208) 344-9750 ext. 1202
REppink@acluidaho.org

Debra Groberg (Bar No. 9797)
NEVIN, BENJAMIN, MCKAY & BARTLETT LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
T: (208) 343-1000
F: (208) 345-8274
dgroberg@nbmlaw.com

Matthew Strugar
(*pro hac vice*)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| JOHN DOE and RANDALL MENGES,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE WASDEN, Attorney General of the State of Idaho; KEDRICK WILLS, Colonel of the Idaho State Police, LEILA MCNEILL, Bureau Chief of the Idaho State Police Bureau of Criminal Investigation; and THE INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, all of the above in their official capacities,<br><br>Defendants. | Case No. 1:20-cv-452<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## Nature of Action

1.      In 2003, the Supreme Court held that the right to engage in certain intimate sexual conduct, historically known as sodomy, is constitutionally protected pursuant to  the Fourteenth Amendment as a matter of substantive due process. *See generally Lawrence v. Texas*, 539 U.S. 558 (2003). In *Lawrence*, the Supreme Court explicitly overruled its prior precedent, *Bowers v. Hardwick*, 478 U.S. 186 (1986), that had held that such intimate sexual conduct received no constitutional protection. *Lawrence*, 539 U.S. at 578. In the words of the Court, *Bowers*—a facial challenge to Georgia's sodomy prohibition—"was not correct when it was decided, and it is not correct today. It ought not to remain binding precedent. *Bowers v. Hardwick* should be and now is overruled." *Id*. In so doing, the Supreme Court facially invalidated all sodomy statutes, including Idaho's.

2.      Despite this clear proclamation made nearly two decades ago, Idaho continues to enforce its criminal statute prohibiting sodomy, titled Crime Against Nature, Idaho Code § 18-6605. Specifically as to this case, it requires people convicted of Crime Against Nature to register as sex offenders and suffer myriad, onerous prescriptions on their everyday life under Idaho's Sexual Offender Registration Notification and Community Right-to-Know Act, Idaho Code § 18-8301 *et seq.* Idaho also requires people convicted of violating sodomy prohibitions in other jurisdictions to comply with Idaho's registration law, whether or not those prohibitions are registerable offenses in the original jurisdiction. This is so even though Idaho's Crime Against Nature statute is indistinguishable from the sodomy statutes struck down as facially unconstitutional by the Supreme Court in *Lawrence*.

3.     Idaho's sex offender registration law seriously restricts the public
and personal lives of registrants. Registrants' pictures and personal information
are displayed on a publicly-accessible state website. Registrants are forced to
relinquish a trove of personal information and face restrictions on where they
can live and even wander.

4.     Plaintiff John Doe has been forced onto the Idaho Sex Offender
Registry for a conviction from before *Lawrence* under another state's Crime
Against Nature statute that Idaho deems equivalent to a conviction for Idaho's
Crime Against Nature statute, I.C. § 18-6605. He is subject to sex offense
registration restrictions pursuant to a facially unconstitutional statute. He
suffers severely under the sex offender label, which imposes a significant barrier
to finding employment and participating in his community, and involves the
state in the daily management of his life.

5.     Plaintiff Randall Menges was convicted in 1994 under Idaho's
Crime Against Nature statute, I.C. § 18-6605. He is also subject to sex offense
registration restrictions pursuant to a facially unconstitutional statute. He, too,
suffers severely under the sex offender label, which imposes a significant barrier
to finding employment and participating in his community, and involves the
state in the daily management of his life.

6.     Plaintiffs bring this action to prevent the continued application and
enforcement of Idaho's Crime Against Nature prohibition, I.C. § 18-6605.
Specifically, Plaintiffs seek a declaration that 1) Idaho's Crime Against Nature
prohibition, I.C. § 18-6605, is facially unconstitutional as to activity between
human beings and as applied to Plaintiffs; 2) the portion of Idaho Code § 18-

3

8304(1)(a) which makes Crime Against Nature an offense subject to Idaho's

registration law, is facially unconstitutional as to activity between human beings

and as applied to Plaintiffs; 3) the portion of Idaho Code § 18-8304(1)(b) which

requires registration for convictions from other jurisdictions which are

substantial equivalents to a conviction for Idaho's Crime Against Nature statute

is facially unconstitutional as to activity between human beings and as applied

to Doe, and, in the alternative, 4) requiring sex offender registration for a

conviction under a statute whose only element is engaging in oral or anal sex

that pre-dates the Supreme Court's decision in *Lawrence* is unconstitutional.

7.     Plaintiffs seek injunctive relief against state and county officials

from continuing to enforce the above-enumerated statutes, compelling

Defendants to remove Plaintiffs from the Sex Offender Registry and expunge all

records signalling their past inclusion on the registry, and enjoining Defendants

from administering and enforcing the registry law for Crime Against Nature

convictions or out-of-state equivalents and as to Plaintiffs.

**Parties**

**Plaintiff**

8.     John Doe is a resident of Idaho.

9.     Randall Menges is a resident of Idaho.

**Defendants**

10.     Lawrence Wasden is the Attorney General of Idaho. As Attorney

General, Wasden oversees the enforcement of Idaho's criminal statutes. He is

sued in his official capacity and resides in Idaho.

11.     Kedrick Wills is the Colonel of the Idaho State Police ("ISP"). The

ISP is vested with authority to enforce Idaho's Sexual Offender Registration

Notification Act, I.C. § 18-8301 *et seq*. He is sued in his official capacity and

resides in Idaho.

12.     Leila McNeill is the Bureau Chief of the ISP Bureau of Criminal

Investigation ("BCI"). The BCI administers and maintains the Idaho Sex

Offender Registry. To facilitate both registration and its enforcement, employees

within the BCI communicate with federal and other-state agencies, offices, and

contractors about offender information, including the Federal Bureau of

Investigation, the U.S. Marshals Service, jurisdictions to and from which

individuals registered in Idaho move, and Idaho law enforcement. Along with

maintaining the online registry, BCI is also the state agency that disperses

information about the registry to the public. McNeill is sued in her official

capacity and, on information and belief, resides in Idaho.

13.     The individual members of the Idaho Code Commission (Defendants

Daniel Bowen, Andrew Doman, and Jill Holinka) are also sued in their official

capacity and all reside in Idaho. The Idaho Code Commission is an office of the

Secretary of State established by statute. Idaho Code §§ 73-201–73-221. The

Commission's purpose is to keep the Idaho Code up to date by indicating changes

to laws, including constitutional changes, and providing annotations, and the

Commission has all power and authority necessary to accomplish that purpose.

It has the specific power to keep the Idaho Code up to date, to provide

annotations to the Code, and to provide references in the Code to decisions of the

federal courts. Idaho Code § 73-205. These Defendants are referred to in this Complaint collectively as the "Idaho Code Commission Defendants."

14.     Each of the Defendants is a person under 42 U.S.C. § 1983 and acted and continues to act under color of state law as to the allegations in this complaint.

## Jurisdiction and Venue

15.     Plaintiffs bring claims under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

16.     This Court has jurisdiction to hear Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1343 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

17.     Venue is proper in the United States Court for the District of Idaho under 28 U.S.C. § 1391(b)(2) because Plaintiffs reside in this judicial district, and because a substantial part of the acts that gave rise to this lawsuit occurred principally in this judicial district. This District is also an appropriate venue under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district.

## Statement of Facts

### Statutory Overview

18.     The plain text of Idaho's Crime Against Nature statute criminalizes oral and anal sex with no other elements.

19.     Idaho's Crime Against Nature statute, I.C. § 18-6605, states, in full, "[e]very person who is guilty of the infamous crime against nature, committed

with mankind or with any animal,[1] is punishable by imprisonment in the state prison not less than five years."

20.     Idaho's prohibition on oral and anal sex has existed in virtually the same form since Idaho was a territory. The revised codes of 1887 held that "[e]very person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the Territorial prison not less than five years." *Ex parte Miller*, 23 Idaho 403, 405, 129 P. 1075, 1075 (1913) (quoting sec. 6810, Rev. Stats. of 1887).

21.     In 1913, the Idaho Supreme Court found that the punishment for having oral or anal sex could not include execution but could include life imprisonment. *Id.*, 23 Idaho at 406, 129 P. at 1076.

22.     From 1955 to 1957, the Crime Against Nature statute was the primary legal tool for the "The Boys of Boise" affair—one of the most virulent anti-gay witch hunts in American history. *See generally* John Gerassi, The Boise of Boise: Furor, Vice, and Folly in an American City (2001); Bill Dentzer, *How did 1955 Boys of Boise scandal affect the city and Idaho?*, Idaho Statesman (Oct. 24th 2015), *available at* https://www.idahostatesman.com/news/local/article41367867.html. After questioning more than 1,500 people and convicting 15, the Idaho Supreme Court upheld the convictions in a series of three opinions. In *State v. Wilson*, 78 Idaho 385, 388, 304 P.2d 644, 646 (1956), the Court referred to the defendant's consensual activity as a "crime committed against

---

[1] Plaintiffs confine their challenge to the portion of the Crime Against Nature statute barring a "crime against nature[] committed with mankind" and do not address the portion of the statute criminalizing sexual conduct "with any animal."

7

society" and affirmed his sentence because he was "an habitual, persistent homosexual offender." In *State v. Larsen*, 81 Idaho 90, 98, 337 P.2d 1, 6 (1959), the Court upheld the conviction after the defendant challenged the prosecutor's argument that "urged the jurors to enforce the law and to halt an outbreak of homosexual practices in the city." And in *State v. Moore*, 78 Idaho 359, 363, 304 P.2d 1101, 1103–04 (1956), that Court affirmed the denial of probation to one of the defendants because "the State made a showing of various forms of homosexual activity on the part of the accused, extending over a period of twelve or thirteen years."

23.     With the new criminal code in the early 1970s, Idaho enacted I.C. § 18-6605. Unchanged since the prohibition's inception over a century ago (save updating "Territorial" to "state" prison), the plain text of I.C. § 18-6605 today continues to prohibit sex acts traditionally associated with homosexuality—oral and anal sex.

24.     Idaho's Crime Against Nature statute is indistinguishable in all material respects from the Texas and Georgia statutes declared unconstitutional in *Lawrence*. The Texas statute at issue in *Lawrence* prohibited "engag[ing] in deviate sexual intercourse with another individual of the same sex," Tex. Penal Code Ann. § 21.06(a) (2003), and defined "[d]eviate sexual intercourse" as "(A) any contact between any part of the genitals of one person and the mouth or anus of another person; or (B) the penetration of the genitals or the anus of another person with an object." Tex. Penal Code Ann. § 21.01(1) (2003). The Georgia statute at issue in *Bowers*, which *Lawrence* declared facially unconstitutional, 539 U.S. at 578, prohibited "sodomy," and defined "sodomy" as

8

"any sexual act involving the sex organs of one person and the mouth or anus of another." Official Code of Ga. Ann. (O.C.G.A.) § 16-6-2 (1984).

**Idaho Registry Statute**

25.     Idaho passed its initial sex offender registration law, the Sex Offender Registration Act, in 1993. I.C. § 18-8301 *et seq.* (1993). Crime Against Nature was included as one of the original ten registerable offenses. I.C. § 18-8303(1)(a) (1993).

26.     In 1998, the Legislature repealed the original Sex Offender Registration Act and replaced it with the Sexual Offenders Registration Notification and Community Right-to-Know Act, which, in amended form, continues to operate today. I.C. § 18-8301 *et seq.* The Legislature intended the new law to expand public access to registry information. I.C. § 18-8302. The new law also included, and to this day includes, Crime Against Nature as a registerable offense. I.C. § 18-8304(1)(a).

27.     Idaho imposes registration requirements not only for people convicted in Idaho for violating the Crime Against Nature statute, but also for out-of-state crimes that Idaho sees as a substantial equivalent to Idaho's Crime Against Nature statute. I.C. § 18-8304(1)(b).

28.     Mandating sex offender registration for Crime Against Nature convictions (or out-of-state convictions considered to be a substantial equivalent of the Crime Against Nature Statute) requires registration for activity that is protected by the Fourteenth Amendment and under an unconstitutional statute.

**Registration Requirements**

29.      The information that offenders are required to report upon

registration is encyclopedic in scope. The list includes current and former names,

including nicknames, pseudonyms, and ethnic or tribal names; email addresses,

"instant messaging" address, and any other every online identity or screen name

used for electronic communications; complete physical description including

scars and tattoos; date of birth; social security number; residential address and a

physical description of the residence; name and address of any school the

registrant attends; description and license plate number of any vehicle used for

personal or employment use; telephone number; addresses of employment and

volunteer positions; information related to any professional licenses; passport

information; a photocopy of any driver's license or identification card;

fingerprints; and a photograph. I.C. § 18-8305(1)(a)–(p).

30.      All registrants must pay their county sheriff $80 a year. I.C. § 18-

8307(2).

31.      Registrants are prohibited from applying or obtaining employment

at a day care center, group day care facility, or family day care home. I.C. § 18-

8327(1). In fact, registrants are prohibited from being on premises of a day care

center, group day care facility, or family day care home while children are

present, other than to drop off or pick up their own child or children. *Id.*

32.      Absent certain limited exceptions, registrants are prohibited from

living within five hundred of a school used by children. I.C. § 18-8329(1)(d).

33.      Registrants are prohibited from picking up or dropping off their own

children at school absent prior notification and annual written approval of the

school. I.C. § 18-8329(2). School districts can impose stricter rules for registrants who wish to pick up or drop off their children at school. I.C. § 18-8329(4).

34.     The law mandates that every registrant register for their entire lifetime, including people who registered for a conviction of Crime Against Nature. I.C. § 18-8307(7).

35.     The Idaho State Police disseminate information collected from each registrant to the United States Attorney General, schools and public housing agencies in the area where the registrant resides, volunteer organizations that work with kids or vulnerable adults in the area where the registrant resides, and anyone else who asks for information. I.C. § 18-8324(1).

36.     Failing to register is a felony punishable by up to 10 years and $5,000. I.C. § 18-8311(1).

37.     Doe is subject to all of the above restrictions as a result of a pre-*Lawrence*, out-of-state equivalent conviction for Crime Against Nature, I.C. § 18-6605—a statute that is unconstitutional on its face.

38.     Menges is subject to all of the above restriction as a result of pre-*Lawrence* conviction for Crime Against Nature, I.C. § 18-6605—a statute that is unconstitutional on its face.

39.     Requiring Plaintiffs to register as sex offenders for a conviction for Crime Against Nature or an out-of-state substantial equivalent to Crime Against Nature serves no legitimate purpose. The mandate that they be subject to the harsh requirements of the sex offender registry law is unjustifiable and unconstitutional.

**Facts Specific to Plaintiffs**

40.     Plaintiff John Doe has exactly one criminal conviction that the State relies on to force him to register. Before the United States Supreme Court decision in *Lawrence* striking down statutes criminalizing oral and anal sex, Doe was charged by information in another state under that state's Crime Against Nature statute. The entire allegation against Doe in the charging document is that he committed a "crime against nature on [his wife], to wit: oral sex."

41.     Doe pleaded guilty to having oral sex.

42.     The state in which Doe pleaded guilty did not then and still does not require people with convictions under the state's Crime Against Nature statute to register as sex offenders.

43.     Earlier this year, Doe was released under supervision from the Idaho Department of Corrections, where he had been serving a sentence for a non-registrable offense. Although *Lawrence* was decided *seventeen* years before, his Idaho Department of Corrections case worker advised him that his Crime Against Nature conviction triggered the requirement to register.

44.     Doe suffers continuing harm as a result of the continued application of Idaho's Crime Against Nature statute, I.C. § 18-6605, and the registration requirements imposed by I.C. § 18-8304(1)(a) & (b).

45.     Plaintiff Randell Menges has exactly one registerable criminal conviction—a 1994 conviction for Crime Against Nature, I.C. § 18-6605. His conviction predated the United States Supreme Court decision in *Lawrence* striking down statutes criminalizing oral and anal sex by nine years.

46.     Menges was charged for having sex with two other males.

12

47.     Menges pleaded guilty to one count of Crime Against Nature, I.C.

§ 18-6605,  and therefore is required to register pursuant to Idaho's Sexual

Offender Registration Notification and Community Right-to-Know Act, I.C. § 18-

8304(1)(a) & (b).

48.     Registration has created incredible burdens on Menges's life. He

has lost employment opportunities and personal and romantic relationships.

49.     Menges suffers continuing harm as a result of the continued

application of Idaho's Crime Against Nature statute, I.C. § 18-6605, and the

registration requirements imposed by I.C. § 18-8304(1)(a).

## First Cause of Action

Each Plaintiff Against Each Defendant
Fourteenth Amendment: Due Process
42 U.S.C. § 1983

50.     Plaintiffs incorporate by reference each and every allegation in the

preceding paragraphs as if set forth fully here.

51.     Plaintiffs bring this claim against all Defendants in their official

capacities.

52.     Defendants' maintenance, administration, and enforcement of the

registry law with respect to Plaintiffs violates Plaintiffs' rights to due process

under the Fourteenth Amendment of the United States Constitution and the

clear mandate of *Lawrence v. Texas*.

53.     All Defendants' actions are under color of law and enabled by their

authority as state officers.

54.     Plaintiffs have no adequate remedy at law or other effective means of enforcing their Fourteenth Amendment right to due process other than by seeking declaratory and injunctive relief from this Court.

55.     Plaintiffs are entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-6605 is facially unconstitutional and unenforceable in any situation involving conduct between human beings.

56.     Plaintiffs are entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing Idaho Code § 18-6605 in any situation involving conduct between human beings.

57.     Doe is entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-6605 is unconstitutional and unenforceable as applied to Doe's prior conviction under another state's Crime Against Nature statute.

58.     Doe is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho Code § 18-6605 as applied to Doe's conviction under another state's Crime Against Nature statute.

59.     Because Idaho Code § 18-6605 is unconstitutional, and because Idaho Code §§ 18-8304(1)(a) and (b) are unconstitutional as to Crime Against Nature convictions involving conduct between human beings, the Idaho Code misleads and deceives law enforcement officers, other government actors, and the public about the requirements of the law. The publication of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b) in the official Idaho Code without clear notice stating that the law is unconstitutional and unenforceable coerces compliance with the law despite its unconstitutionality and illegality and promotes unconstitutional and illegal enforcement of the law by law enforcement

14

officers and other government actors.

60.    The lack of fair notice of the unconstitutionality and unenforceability of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b) in the Idaho Code violates the due process clause of the Fourteenth Amendment to the U.S. Constitution.

61.    Plaintiffs are entitled to injunctive relief requiring Defendants to publish clear notice in the official Idaho Code of the Act's unconstitutionality and unenforceability.

62.    Plaintiffs are also entitled to a declaratory judgment declaring that official publication of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b) without clear notice of those provisions' unconstitutionality and unenforceability is unconstitutional.

63.    As a result of Defendants' unlawful conduct, Plaintiffs are suffering harm, including embarrassment, humiliation, shame, fear, loss of opportunity (including, but not limited to, career, professional, economic, housing, educational, and social opportunities), and stigma.

## Second Cause of Action

### Each Plaintiff Against Each Defendant
### Fourteenth Amendment: Vagueness
### 42 U.S.C. § 1983

64.    Plaintiffs incorporate by reference every allegation in the preceding paragraphs as if set forth fully here.

65.    Plaintiffs bring this claim against all Defendants in their official capacities.

66.     Idaho's Crime Against Nature statute, I.C. § 18-6605, states, in full, "[e]very person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable by imprisonment in the state prison not less than five years."

67.     If Idaho's Crime Against Nature statute, I.C. § 18-6605, permits any act of oral or anal sex, it is unconstitutionally vague.

68.     The criteria Defendants use in determining what oral or anal sex is prohibited and what oral or anal sex is permitted are not clearly defined such that a person of ordinary intelligence can readily determine whether a sex act is allowable or prohibited.

69.     Such vagueness also contributes to unfettered discretion exercised by Defendants.

70.     Defendant's enforcement of the Crime Against Nature law violates Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

71.     Idaho's Sexual Offenders Registration Notification and Community Right-to-Know Act states that a conviction under Idaho's Crime Against Nature law is a registerable offense. I.C. § 18-8304(1)(a). The Sexual Offenders Registration Notification and Community Right-to-Know Act also states that someone who "[o]n or after July 1, 1993, has been convicted of any crime, an attempt, a solicitation or a conspiracy to commit a crime in another jurisdiction or who has a foreign conviction that is substantially equivalent to" Idaho's Crime Against Nature law is also subject to registration. I.C. § 18-304(1)(b).

16

72.     If the Sexual Offenders Registration Notification and Community Right-to-Know Act allows some individual with a post-July 1, 1993 conviction for Idaho's Crime Against Nature law, or a conviction in another jurisdiction that is substantially equivalent to Idaho's Crime Against Nature law, to avoid registration, it is unconstitutionally vague.

73.     The criteria Defendants use to determine what Idaho Crime Against Nature convictions, or out-of-state convictions are substantial equivalents to the Idaho's Crime Against Nature law, trigger registration (or allow one to escape registration) are not clearly defined such that a person of ordinary intelligence can readily determine whether a conviction triggers registration.

74.     Such vagueness also contributes to unfettered discretion exercised by Defendants.

75.     Plaintiffs have no adequate remedy at law or other effective means of enforcing their Fourteenth Amendment rights other than by seeking declaratory and injunctive relief from this Court.

76.     Plaintiffs are entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-6605 is unconstitutionally vague.

77.     Plaintiffs are entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing Idaho Code § 18-6605 in any situation involving conduct between human beings.

78.     Doe is entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-6605 is unconstitutionally vague as applied to Doe's prior conviction under another state's Crime Against Nature statute.

17

79.     Doe is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho Code § 18-6605 as applied to Doe's conviction under another state's Crime Against Nature statute.

80.     Plaintiffs are entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-8304(1)(a) and (b) are unconstitutionally vague.

81.     Plaintiffs are entitled to injunctive relief in the form of this Court enjoining the Defendants from enforcing Idaho Code § 18-8304(1)(a) and (b) as to convictions for Idaho's Crime Against Nature statute or out-of-state statutes that are a substantial equivalent to Idaho's Crime Against Nature statute.

82.     Doe is entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-8304(1)(b) is unconstitutionally vague as applied to Doe's prior conviction under another state's Crime Against Nature statute.

83.     Menges is entitled to declaratory relief in the form of this Court ruling that Idaho Code § 18-8304(1)(a) is unconstitutionally vague as applied to Menges's Crime Against Nature conviction.

84.     Doe is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho Code § 18-8304(1)(b) as applied to Doe's conviction under another state's Crime Against Nature statute.

85.     Menges is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing Idaho Code § 18-8304(1)(a) as applied to Menges's Crime Against Nature conviction.

86.     Because Idaho Code § 18-6605 is unconstitutional, and because Idaho Code §§ 18-8304(1)(a) and (b) are unconstitutional as to Crime Against Nature convictions involving conduct between human beings, the Idaho Code

18

misleads and deceives law enforcement officers, other government actors, and

the public about the requirements of the law. The publication of Idaho Code

§§ 18-6605 and 18-8304(1)(a) and (b) in the official Idaho Code without clear

notice stating that the law is unconstitutional and unenforceable coerces

compliance with the law despite its unconstitutionality and illegality and

promotes unconstitutional and illegal enforcement of the law by law enforcement

officers and other government actors.

87.    The lack of fair notice of the unconstitutionality and

unenforceability of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b) in the Idaho

Code violates the due process clause of the Fourteenth Amendment to the U.S.

Constitution.

88.    Plaintiffs are entitled to injunctive relief requiring Defendants to

publish clear notice in the official Idaho Code of the Act's unconstitutionality and

unenforceability.

89.    Plaintiffs are also entitled to a declaratory judgment declaring that

official publication of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b) without

clear notice of those provisions' unconstitutionality and unenforceability is

unconstitutional.

90.    As a result of Defendants' unlawful conduct, Plaintiffs are suffering

harm, including embarrassment, humiliation, shame, fear, loss of opportunity

(including, but not limited to, career, professional, economic, housing,

educational, and social opportunities), and stigma.

### Third Cause of Action

Plaintiff Menges Against Defendants Wasden, Wills, and McNeill
Fourteenth Amendment: Equal Protection
43 U.S.C. § 1983

91.    Plaintiff Menges incorporates by reference every allegation in the preceding paragraphs as if set forth fully here.

92.    Plaintiff Menges brings this claim against all Defendants in their official capacities.

93.    Because sex offender registration is required for Menges's Crime Against Nature conviction but not for other convictions based on equivalent elements, Defendants' enforcement of the registration law with respect to Menges has no rational relationship to a legitimate government interest, in violation of Menges's right to equal protection of the law under the Fourteenth Amendment.

94.    Menges has no adequate remedy at law or other effective means of enforcing his Fourteenth Amendment right to equal protection other than by seeking declaratory and injunctive relief from this Court.

95.    Menges is entitled to declaratory relief in the form of this Court ruling that the Sexual Offenders Registration Notification and Community Right-to-Know Act is unconstitutional and unenforceable as applied to Menges's Crime Against Nature conviction.

96.    Menges is entitled to injunctive relief in the form of this Court enjoining Defendants from enforcing the Sexual Offenders Registration Notification and Community Right-to-Know Act as applied to Menges's Crime Against Nature conviction.

97.     As a result of Defendants' unlawful conduct, Menges is suffering harm, including embarrassment, humiliation, shame, fear, loss of opportunity (including, but not limited to, career, professional, economic, housing, educational, and social opportunities), and stigma.

## Request for Relief

Plaintiffs respectfully request an order and judgment:

1.  Declaring that Idaho Code § 18-6605 is unconstitutional on its face as it relates to activity between human beings;

2.  Declaring that the portion of Idaho Code § 18-8304(1)(a) which makes Crime Against Nature an offense subject to Idaho's registration law, is facially unconstitutional insofar as it requires individuals convicted of Crime Against Nature involving activity between human beings to register as sex offenders;

3.  Declaring Idaho Code § 18-8304(1)(b), which makes convictions from other jurisdictions which are substantial equivalents to a conviction for Idaho's Crime Against Nature statute, is facially unconstitutional as to activity between human beings which makes Crime Against Nature an offense subject to Idaho's registration law, is facially unconstitutional insofar as it requires individuals convicted of a substantial equivalent of Idaho's Crime Against Nature statute for activity between human beings to register as a sex offender;

4.  Declaring that the portion of Idaho Code § 18-8304(1)(a) which makes Crime Against Nature an offense subject to Idaho's registration law, is unconstitutional as applied to individuals convicted of Idaho's Crime

Against Nature before the United State Supreme Court's decision in *Lawrence v. Texas*;

5. Declaring Idaho Code § 18-8304(1)(b), which makes convictions from other jurisdictions which are substantial equivalents to a conviction for Idaho's Crime Against Nature statute, is unconstitutional as applied to individuals convicted of a substantial equivalent of Idaho's Crime Against Nature before the United State Supreme Court's decision in *Lawrence v. Texas*;

6. Declaring that Defendants' actions violate Plaintiffs' rights under the Fourteenth Amendment to the United States Constitution;

7. Declaring that official publication of Idaho Code § 18-6605 without clear notice of the provision's unconstitutionality and unenforceability is unconstitutional;

8. Preliminarily and permanently enjoining Defendants from enforcing Idaho Code § 18-6605 in any situation involving activity between human beings;

9. Preliminarily and permanently enjoining Defendants from enforcing Idaho Code § 18-8304(1)(a) for people with conviction for Idaho's Crime Against Nature statute, Idaho Code § 18-6605, for any situation involving activity between human beings;

10. Preliminarily and permanently enjoining Defendants from enforcing Idaho Code § 18-8304(1)(a) in any situation in which a conviction in another jurisdiction is considered a substantial equivalent to Idaho's

Crime Against Nature statute, Idaho Code § 18-6605, in any situation involving activity between human beings;

11. Preliminarily and permanently enjoining Defendants from requiring Doe to register as a sex offender in Idaho for his prior conviction under another state's Crime Against Nature statute;

12. Preliminarily and permanently enjoining Defendants from requiring Menges to register as a sex offender in Idaho for his Crime Against Nature conviction;

13. Preliminarily and permanently enjoining the individual members of the Idaho Code Commission and their employees, agents, appointees, and successors to publish clear notice about the unconstitutionality, unenforceability, and nullity of Idaho Code §§ 18-6605 and 18-8304(1)(a) and (b);

14. Ordering Defendants to permanently remove Plaintiffs from the Idaho Sex Offender Registry;

15. Ordering Defendants to expunge all state records indicating that Plaintiffs were ever subject to registration on the Idaho Sex Offender Registry;

16. Ordering Defendants to alert all agencies who were provided information about Plaintiff's registration (including courts, police departments, sheriff's departments, and the Federal Bureau of Investigation) that this information is no longer valid;

17. Ordering Defendants to cease and desist from placing any individuals convicted under the Crime Against Nature statute or conviction from

another jurisdiction deemed to be a substantial equivalent to a Crime Against Nature conviction in any situation involving activity between human beings on the Idaho Sex Offender Registry;

18. Ordering Defendants to inform all relevant local, state, and federal agencies that convictions for Crime Against Nature in any situation involving activity between human beings or any conviction from another jurisdiction deemed to be a substantial equivalent to a Crime Against Nature conviction for activity between human beings are no longer registrable offenses in Idaho;

19. Waiving the requirement for the posting of a bond as security for entry of temporary or preliminary injunctive relief;

20. Awarding Plaintiffs their costs, expenses, and reasonable attorneys' fees under 42 U.S.C. § 1988 and other applicable laws; and

21. Ordering any other relief this Court deems just and proper.

Date: December 11, 2020          Respectfully submitted,

/s/ Matthew Strugar
Matthew Strugar
(*pro hac vice*)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com

Richard Eppink (Bar No. 7503)
AMERICAN CIVIL LIBERTIES UNION OF IDAHO FOUNDATION
P. O. Box 1897
Boise, ID 83701
United States
T: (208) 344-9750 ext. 1202
REppink@acluidaho.org

24

Debra Groberg (Bar No. 9797)
NEVIN, BENJAMIN, MCKAY & BARTLETT LLP
303 West Bannock
P.O. Box 2772
Boise, Idaho 83701
T: (208) 343-1000
F: (208) 345-8274
dgroberg@nbmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020 I electronically filed the foregoing with the Clerk of the Court using the CMF/ECF filing system that served a true and correct copy of the foregoing to the CMF/ECF participants listed below:

Leslie Hayes
State of Idaho, Office of the Attorney General
Leslie.hayes@ag.idaho.gov

Stephanie Nemore
State of Idaho, Office of the Attorney General
Stephanie.nemore@isp.idaho.gov

*Attorneys for Defendants*

/s/ Matthew Strugar
Matthew Strugar