AUSTIN KNUDSEN
Montana Attorney General
HANNAH E. TOKERUD
MATTHEW T. COCHENOUR
Assistant Attorneys General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
hannah.tokerud@mt.gov
mcochenour2@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL MENGES,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN KNUDSEN, Attorney General of the State of Montana; GARY SEDER, Bureau Chief of the Montana Crime Information Bureau; and SARA MALIKIE, Head of the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office, each in their official capacities,<br><br>Defendants. | CV 20-178-M-DLC-KLD<br><br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

# INTRODUCTION

In 1994, Plaintiff Randall Menges was convicted of an offense in Idaho, which required him to register as a sexual offender. Under the Montana Sexual or Violent Offender Registration Act, a person must register as a sexual offender in Montana for "any violation of a law of another state . . . for which the offender was required to register as a sexual offender after an adjudication or conviction." Mont. Code Ann. § 46-23-502(9). Menges, therefore, was required to register when he moved to Montana in 2018.

In a motion for preliminary injunction, Menges seeks to enjoin Montana from giving legal effect to his Idaho conviction, Doc. 9, essentially asking this Court to rule on the constitutionality of that conviction. Menges has failed to meet the requirements for an injunction, and thus, the motion should be denied.

# BACKGROUND

**Menges's conviction**

When Randall Menges was 18, he worked at an Idaho camp for troubled boys. Doc. 9-2 at 2.[1] While working there, he had sex with two 16-year-old residents, which led to an investigation of possible sexual abuse. *Id.;* Doc. 9-6. Menges was convicted for violating Idaho's "crimes against nature" statute. Doc. 1 at 5. Idaho law requires that Menges register as a sex offender. *Id.* Menges is registered as a violent sexual offender in Idaho. Doc. 16-1, Ex. A (Menges's Idaho offender profile).

Menges moved to Montana in 2018 and was required to register as a sexual offender based on his registration in Idaho.[2] Doc. 9-2 at 3. Menges currently lives in Idaho but asserts that he wants to relocate to Montana. Doc. 9-2 at 4.

---

[1] For purposes of this response, the State takes the facts from Menges's filings; however, the State does not waive the right to contest any assertions that Menges has made in his complaint or any other filing.
[2] The Montana Sex Offender Registry entry for Menges is located at: https://app.doj.mt.gov/apps/SVOW/offenderDetail.html?SID=MT03445150.

In Idaho federal court, Menges is challenging the statute under which he was convicted and the related registration requirement. Doc. 16-1, Ex. B (Menges's Idaho amended complaint).

**Statutory Scheme**

Since the creation of Montana's registry in 1989, sexual offenders convicted in other jurisdictions have been required to register for offenses that are reasonably equivalent to Montana offenses requiring registration. *State v. Hamilton*, 164 P.3d 884, ¶ 9 (Mont. 2007) (citing § 2, Ch. 293, L.1989). In 2005, the Legislature amended the definition of "sexual offense" to include any violation of a law of another jurisdiction for which a person was required to register as a sex offender after conviction in that jurisdiction. *Id.* (citing § 1, Ch. 313, L.2005). Offenders convicted in another jurisdiction receive the risk level designation assigned by that jurisdiction. *Id.*

"The legislative history for the 2005 amendments indicates that the changes were made to clarify administrative issues that had arisen over the course of administering the Act and to better serve the public." *Id.* (citing Mont. Sen. Jud. Comm., *Hearing on HB 49*, 2005 Reg. Sess. (Mar. 14, 2005)). The amendment requiring another state's registered

sex offenders to register in Montana, regardless of the specific sexual crime, was considered "a matter of public safety." *Id.*

## ARGUMENT

**This Court should deny Menges's motion for injunctive relief because he has failed to establish the necessary elements.**

Before being entitled to a preliminary injunction, a plaintiff must show each of the following: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm if injunctive relief is not granted; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). If a plaintiff fails to demonstrate that he is likely to succeed on the merits, then the remaining "*Winter* elements" need not be considered. *Thalheimer v. City of San Diego*, 645 F.3d 1109, 1115 (9th Cir. 2011) (noting that the district court "properly considered the remaining Winter elements only as to claims it concluded were meritorious").

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. "A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights

before judgment." *Textile Unlimited v. A..BMH Co.*, 240 F.3d 781, 786 (9th Cir. 2001). A plaintiff thus must demonstrate that irreparable injury is not just "possible" but "*likely* in the absence of an injunction." *Winter*, 555 U.S. at 22-23 (emphasis in original).

## I. Menges is unlikely to succeed on the merits.

In his Complaint, Menges asks this Court to declare Mont. Code Ann. § 46-23-502(9) unconstitutional as applied. Menges, however, lacks standing to challenge § 46-23-502(9) because the injury of which he complains—being a registered sexual offender—will not be alleviated by a favorable decision in this case. A favorable ruling in Idaho, on the other hand, would redress his injury.

To establish standing, a plaintiff must demonstrate: (1) that he suffered an injury in fact, *i.e.*, an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) that there is a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury will likely be redressed by a favorable decision. *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013). At the preliminary

injunction stage, a plaintiff must make a clear showing of each standing element. *Id.*

Here, even assuming Menges can meet the first two elements of standing, he cannot meet the element of redressability. Menges was not charged with or convicted of a crime in Montana. Instead, he was convicted and required to register in Idaho. Because Montana's registration requirement stems from Idaho's registration requirement, Menges's arguments about the circumstances leading to his conviction are irrelevant. While Menges would have this Court focus on his 1994 conviction, the fact remains that he has a conviction that requires registration in Idaho. Montana officials and judges should not be called on to revisit and judge the facts of a decades-old conviction in another state.

Menges's challenge to his Idaho conviction properly belongs in Idaho, not Montana. Even if he were to prevail on the merits of this case, he will remain a registered sexual offender unless he also prevails in his case in the District of Idaho. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Townley*, 722 F.3d at

1135 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998)).

But even if this Court were to determine that Menges has standing to pursue his claims, Menges's claims fail. Menges asserts that the application of the Act to him violates his rights to substantive due process, equal protection, and privacy. Menges cites no authority that the disclosure of the fact of his conviction and of his identifying characteristics to render that status meaningful to the public constitutes the infringement of a fundamental right.

Under Montana law, "all statutes carry with them a presumption of constitutionality." *State v. Michaud*, 180 P.3d 636, ¶ 49 (Mont. 2008) (quotation omitted). In addition, the Act is clearly intended to serve a legitimate interest. The Act's purpose is to address public health, safety, and welfare concerns, including:

> (1) the danger of recidivism and protection of the public; (2) the impairment of law enforcement efforts from lack of information; (3) the prevention of victimization and prompt resolution of sexual or violent offenses; (4) the offender's reduced expectation of privacy because of the public's interest in safety; and

> (5) the protection of specific vulnerable groups and the public in general.

*Hamilton*, ¶ 14 (citing *State v. Mount*, 78 P.3d 829, ¶ 44 (Mont. 2003)). The Ninth Circuit has found a legitimate state interest in preventing and responding to crime and a substantial state interest in protecting vulnerable individuals, particularly children, from sex offenders. *See, e.g., Doe v. Harris,* 772 F.3d 563, 577 (9th Cir. 2014).

The statutory provision at issue in this case also furthers the State's interest in administrative efficiency, and Menges's requested relief would undercut this interest. Menges asks this Court to declare that Montana's sexual registration requirement is unconstitutional as applied to him and anyone else convicted before *Lawrence v. Texas*, 539 U.S. 558 (2003), under "any statute in which engaging in oral or anal sex was the sole element." Doc. 1 at 12. If the State is required to individually assess each conviction to determine whether it falls under a statute meeting Menges's characterization or under an equivalent Montana offense, then the 2005 amendment requiring registration from offenders who are required to register in other jurisdictions would be meaningless. In addition, the interests in efficient administration and public safety would be hindered.

Menges has not met his burden of demonstrating that he is likely to succeed on the merits, especially given that Montana laws are presumed to be constitutional. Instead, he improperly seeks to have Montana officials and courts collaterally review final, non-Montana convictions even though relief is more appropriately sought elsewhere.

## II. Menges has not demonstrated that he is likely to suffer irreparable injury.

"A preliminary injunction is sought upon the theory that there is an urgent need for speedy action to protect the plaintiff's rights." *Lydo Enters. v. Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) (quotation and citation omitted). Menges asserts that he "faces continuing irreparable harm because of violations of his Substantive Due Process rights." Doc. 9-1 at 33.[3]

The problem with Menges's argument, however, is that it presumes success on the merits, which is the first preliminary injunction element. Menges is not entitled to injunctive relief simply because he has alleged a constitutional claim. As the Ninth Circuit has noted, "[e]ven where a plaintiff has demonstrated a likelihood of success

---

[3] Page reference corresponds to ECF pagination, not to Plaintiff's brief page number.

on the merits of a [constitutional] claim, he 'must also demonstrate that he is likely to suffer irreparable injury in the absence of a preliminary injunction, and that the balance of equities and the public interest tip in his favor.'" *Thalheimer*, 645 F.3d at 1128 (citation omitted); *see Dish Network Corp. v. FCC*, 636 F.3d 1139, 1144 (9th Cir. 2011) (rejecting the notion that the four preliminary injunction factors collapse into the merits in First Amendment cases).

This Court should hold Menges to the proper standard and decline to conflate the first two preliminary-injunction inquiries. At this step of the inquiry, he must demonstrate irreparable harm in the form of a deprivation of constitutional rights absent a preliminary injunction. Other than his cursory statement that he faces irreparable harm, he has made no attempt to meet this element of the preliminary injunction inquiry. Moreover, as discussed above, Menges has failed to establish that he is likely to prevail on the merits.

### III. The balance of equities tip in favor of Montana, not Menges.

As with the second factor, Menges mistakenly presumes that the first preliminary injunction factor has been met and, again conflating the factors, he asserts that "it is *always* in the public interest

to prevent the violation of party's constitutional rights." Doc. 9-1 at 34 (citing *de Jesus Ortega Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)) (emphasis in original). This is not the proper inquiry, and Menges has failed to meet this element. Thus, this Court should deny Menges's motion for a preliminary injunction.

Moreover, Menges will suffer no harm if the Court does not issue an injunction. As an initial matter, Menges does not reside in Montana, and though he asserts a desire to return to Montana, he sets forth no plans to do so. Doc. 9-2 at 4. Menges lives in Idaho, where he is a registered sex offender (and where he will be required to register regardless of the outcome of this case).[4] Given the absence of any imminent harm, this Court should decline to upset the status quo by enjoining Montana's statute. That is particularly true when an injunction would undercut Montana's public safety interests, as discussed below. Rather than requiring Montana to alter its statutory

---

[4] Moreover, Menges is contemporaneously challenging the constitutionality of his conviction in Idaho. If relief is granted in that state, it would moot this case. In light of Menges's multi-forum suits, the State is seeking to stay this action.

scheme as applied to Menges, the equities favor waiting for further action by the Idaho court before granting relief.

## IV. An injunction would not serve the public interest.

Courts must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555 U.S. at 24. "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a resolution of a case on the merits." *McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012). Importantly, issuing an injunction in this case would change the status quo, not preserve it.

Issuing an injunction also would undercut the interests expressed by the people of Montana in their statutes. As demonstrated above, the registration provisions serve a number of public interests, including protecting the public. The Montana Legislature amended the Act in 2005 "to clarify administrative issues that had arisen over the course of administering the Act and to better serve the public." *Hamilton*, ¶ 9.

Though protecting constitutional rights certainly is in the public's interest, that is not the question here. The question that this Court will ultimately decide is whether the registration provisions run afoul of

that interest. For purposes of this motion, however, the question is whether Menges has carried his burden of meeting the four elements necessary for a preliminary injunction. He has not.

## CONCLUSION

Menges has failed to meet his burden, and this Court should deny the preliminary injunction motion.

Respectfully submitted this 26th day of January, 2021.

> AUSTIN KNUDSEN
> Montana Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By: */s/ Hannah E. Tokerud*
> HANNAH E. TOKERUD
> Assistant Attorney General
> Counsel for Defendants

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the work count calculated by Microsoft Word for Window is 2,338 words, excluding caption, certificate of service and certificate of compliance.

/s/  Hannah E. Tokerud
HANNAH E. TOKERUD
Assistant Attorney Genera
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.  Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  January 26, 2021     /s/  Hannah E. Tokerud
HANNAH E. TOKERUD
Assistant Attorney General
Counsel for Defendants