LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN
Chief of Civil Litigation Division

| | |
|---|---|
| LESLIE M. HAYES, ISB #7995<br>Deputy Attorney General<br>Civil Litigation Division<br>954 W. Jefferson Street, 2nd Floor<br>P.O. Box 83720<br>Boise, Idaho 83720-0010<br>Telephone: (208) 334-2400<br>Facsimile: (208) 854-8073<br>leslie.hayes@ag.idaho.gov<br>Attorney for Defendants | STEPHANIE C. NEMORE, ISB # 9080<br>Deputy Attorney General<br>Idaho State Police<br>700 South Stratford Drive<br>Meridian, Idaho 83642<br>Telephone: (208) 884-7050<br>Facsimile: (208) 884-7228<br>stephanie.nemore@isp.idaho.gov<br>Attorney for Defendants |

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br>vs.<br><br>LAWRENCE WASDEN, Attorney General of the State of Idaho; KED WILLIS, Colonel of the Idaho State Police Bureau of Criminal Investigation; LELIA MCNEIL, Bureau Chief of the Idaho State Police Bureau of Criminal Investigation and the INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, all of the above in their official capacities,<br><br>    Defendants. | Case No. 1:20-cv-00452<br><br>**DECLARATION OF CAROL REDDING** |

I, Carol Redding, declare as follows:

1. I am over eighteen (18) years of age and competent to testify;

2. I make this declaration based on my personal knowledge;

3. I am employed by the Idaho State Police, Bureau of Criminal Identification ("BCI"), Idaho Central Sex Offender Registry ("SOR"), as the Criminal Records Supervisor and have been in this position since November 2013, and I began working for the SOR in other capacities in February 2007;

4. My duties as the SOR Supervisor include being a custodian of the records for the unit, which is housed and maintained by the Bureau of Criminal Identification ("BCI");

5. As a public office of a public agency, the BCI/SOR maintains records, reports, statements, and data compilations in various forms that set forth its regularly conducted and regularly recorded activities, and matters observed pursuant to a duty imposed by law and as to which there is a duty to report pursuant to Idaho Code § 18-8301, et. seq.;

6. For all cases where a substantially equivalent determination needs to be made, the Technical Records Specialist 1 ("TRS1") in the SOR gathers the information needed to make this determination – this is often referred to as a substantially equivalent "write-up" or "work-up." The TRS1 reviews and analyzes it, and makes a recommendation in writing to Bureau Chief McNeill as to sex offender registration in Idaho;

7. Prior to the write-up reaching me, it is then reviewed by a Technical Records Specialist 2 ("TRS2"), referred to at the SOR as a "lead," for accuracy and completeness and if it meets that standard, the write-up is then provided to me;

8. The SOR received Doe's initial registration forms from the Idaho Department of Corrections upon his release from prison in ▮▮▮▮▮▮▮, at that point the SOR

began the process to determine whether the crime he was convicted of in ▮▮▮▮▮ was substantially equivalent to an offense in Idaho that requires sex offender registration;

9. Attached as Exhibits 2 and 3 are true and correct copies of Doe's Initial Idaho Sex Offender Registration forms;

10. The SOR staff conducted a criminal history search, contacted the other jurisdiction for any judgements, convictions, charges, and police reports related to any sex crimes committed by Doe;

11. Attached as Exhibit 4 is a true and correct copy of Doe's Criminal History Record (inquiry) National Crime Information Center Records dated January 8, 2020. The Criminal History Record is used to confirm the existence of the conviction in ▮▮▮▮▮, to determine whether the individual is required to register in another state at the time he/she comes to Idaho and to determine whether there are additional convictions that he/she may be required to register for;

12. Attached as Exhibits 5 and 6 are true and correct copies of Doe's Judgment Suspending Sentence dated ▮▮▮▮▮ and Judgment and Commitment upon Revocation of Probation dated ▮▮▮▮▮ for his out of state conviction;

13. Attached as Exhibits 7 and 8 are true and correct copies of the charges brought against Doe by his state of conviction, State of ▮▮▮▮▮ Indictment, Second Degree Rape, dated ▮▮▮▮▮ and State of ▮▮▮▮▮ Information, dated ▮▮▮▮▮;

14. Attached as Exhibits 9, 10, and 11 are the true and correct copies of the ▮▮▮▮ Police Department Arrest and Incident/Investigation Reports of the incident related to Doe's sex offense;

15. Attached as Exhibits 12, 13, and 14 are true and correct copies of the other jurisdiction's statute for crimes against nature from the date of the underlying conviction and sex crimes in Idaho that require registration;

16. Attached as Exhibit 15 is a true and correct copy of the Interoffice Memo dated ▮▮▮▮ addressed to Leila McNeill, BCI Bureau Chief, that lists the documentation that was gathered and considered in determining Doe's possible duty to register as a sex offender in Idaho;

17. When I received the records for John Doe from my staff, like all substantially equivalent determinations, I reviewed them and agreed that Doe's statute of conviction was a near-exact match to Idaho's Crime Against Nature statute, a registerable offense in Idaho and I determined that the recommendation by SOR staff to Bureau Chief McNeill was appropriate;

18. Additionally, review of the police reports, charging documents for the offense he was convicted of, and the Judgment did not give any indication that this could have been a consensual sex act;

19. In my review of substantially equivalent write-ups, I look for any other issues or areas that may need clarification, additional documentation, or further analysis. If an issue comes up, I consult with Bureau Chief McNeill and we may decide that the issue requires legal review in which case one or both of us will consult with one of the Deputy Attorneys General assigned to the SOR;

20. For example, in the past I was advised by counsel for the SOR that Idaho does not have a statute that is substantially equivalent to an out of state conviction where the crime is a sexual act between two consenting adults, in that case the SOR would determine that the out of state offender would not have to register in Idaho;

21. Upon completion of my review, I sent the S.E. write-up to BCI Bureau Chief Leila McNeill who ultimately issued a decision on substantial equivalency for Doe entitled Notice of Duty to Register and Agency's Findings of Fact, Conclusions of Law, and Declaratory Ruling Regarding Sex Offender Registration dated ▆▆▆▆ ▆▆▆▆.

22. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this 30th day of October, 2020.

*/s/ Carol Redding*
Carol Redding

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2020 I filed electronically the foregoing with the Clerk of the Court using the CMF/ECF filing system that served a true and correct copy of the foregoing to the CMF/ECF participants listed below:

Richard Eppink
American Civil Liberties Union of Idaho Foundation
REppink@acluidaho.org

Debra Groberg
Nevin, Benjamin, McKay & Bartlett, LLP
dgroberg@nbmlaw.com

Matthew Strugar
Law Office of Matthew Strugar
Matthew@matthewstrugar.com

*Attorneys for Plaintiff*

                                                                       /s/ *Leslie M. Hayes*
                                                                         Leslie M. Hayes