Elizabeth K. Ehret
Attorney at Law
3800 O'Leary St., #104
Missoula, MT 59808
T: (732) 312-7400
elizabeth.k.ehret@gmail.com

Matthew Strugar
(*pro hac vice*)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**

| | |
|---|---|
| RANDALL MENGES,<br><br>                              Plaintiff,<br><br>          v.<br><br>AUSTIN KNUDSEN, Attorney General of the State of Montana[1]; GARY SEDER, Bureau Chief of the Montana Crime Information Bureau; and SARA MALIKIE, Head of the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office, each in their official capacities,<br><br>                              Defendants. | Case No. 9:20-cv-178-DLC-KLD<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR A STAY** |

---

[1] Austin Knudsen is substituted for former Attorney General Tim Fox. Fed. R. Civ. P. 25(d).

1

## Introduction

In the early 1990s, Plaintiff Randall Menges lived at a working ranch for male foster children in Gem County, Idaho. In October 1993, Menges turned 18 and the ranch allowed Menges on to continue to live there and perform ranch work. Two months later, two 16-year-old young men who were sexually active with each other got Menges involved. Menges had sex with both of them. Idaho prosecuted Menges, charging him with Crime Against Nature, I.C. § 18-6605. He pleaded guilty to one count. It was 1994.[2]

Menges served his sentence and tried to move on with his life. Nine years after his conviction, the Supreme Court departed from earlier precedent and held that the right to participate in oral and anal sex was protected by Substantive Due Process and invalidated those

---

[2] The State complains that Menges asserting that he must register for having gay sex "is as hyperbolic as it is offensive." State's Br. at 1. How else to explain the state of law in 1994? Sodomy prohibitions were prevalent and the Supreme Court blessed them. That such a state of law ever existed *is* offensive, but not in the way the State means it. Menges has repeatedly stressed that he is not claiming the Defendants here have homophobic animus and that it appears he is a victim of legislative and bureaucratic oversight. *See*, *e.g.*, Compl. ¶¶ 13–20; Reply Brief on Motion for Preliminary Injunction, ECF No. 20, 10 n. 2. The registration burdens that have followed Menges his entire adult life because of this conviction caused a life of only intermittent employment and frequent homelessness. If he aimed for hyperbole over the State registering him as a sex offender for his Crime Against Nature conviction, he could do much better than saying Montana forces to him register for having had gay sex.

laws that criminalized such activity as the law's only element. *Lawrence v. Texas*, 539 U.S. 558, 578 (2003).

But Idaho still forced him to register as a sex offender based on his 1994 conviction. And when he relocated to Montana, Montana did, too.

So after he found counsel willing to try to help him, he filed lawsuits in both states. In the Idaho lawsuit, *Doe v. Wasden*, Case No. 20-cv-452 (D. Idaho), Menges and a pseudonymous plaintiff seek both broad and tailored relief, from declaring that the Crime Against Nature law is unconstitutional to just enjoining it as to Menges individually. *See* Amended Complaint in *Doe v. Wasden* at Request for Relief, attached as Exhibit B to Declaration of Matthew T. Cochenour Filed in Support of State's Motion for a Stay, ECF No. 16–1.

Here, Menges seeks relief tailored to his registration in Montana. He asks for this Court to enjoin Montana officials from enforcing Montana law. *See* Complaint, ECF No. 1, at Request for Relief.

In Idaho, the defendants moved to dismiss the Amended Complaint and the plaintiffs moved for a preliminary injunction. The motion to dismiss is fully briefed. Without any extensions, the motion for a preliminary injunction briefing will conclude on February 23, 2021. The district court has not scheduled either motion for a hearing.

The State here now asks this Court to stay all proceedings here until the District of Idaho decides both the motion to dismiss and the motion for a preliminary injunction in Idaho. The Court should deny the

motion. The State does not begin to meet its burden to show that this Court should stay the case and does not even identify or address two of the three relevant factors in determining whether a stay is appropriate. And the State misrepresents what Menges seeks both in this lawsuit and in the Idaho lawsuit.

The State's request for a stay is unwarranted and would prejudice Menges. The is no cognizable harm to the State with proceeding. The Court should deny the motion and allow Menges to litigate his case.

## Standards

A defendant must show an actual "need" for a stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997). The mere possibility that the law might change cannot justify granting a stay. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *see also In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 818 (C.D. Cal. 2004) ("Waiting until an undetermined date in the summer . . . for the possibility of a Supreme Court ruling does not outweigh both the Plaintiff and the Court's interest in judicial economy.").

In the Ninth Circuit, courts examine three factors to determine whether to grant a stay:

> (1) the hardship or inequity upon the non-moving party that would result from granting the stay; (2) the hardship or inequity upon the moving party being required to go forward after denial of the stay; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

In the Ninth Circuit, an order staying a case is "final" for the purposes 28 U.S.C. § 1291 and is immediately appealable. *Id.* at 1101–04. The Ninth Circuit reviews a district court's discretion in entering a stay order under a "somewhat less deferential" standard than the abuse-of-discretion standard employed in other contexts. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation omitted).

## Argument

The State does not cite or address the three-factor test for obtaining a stay. Its arguments seem to sound exclusively in the third factor—"the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay," *Lockyer*, 398 F.3d at 1110—so Menges will take the factors out of order and address this factor first.

The State has not met its heavy burden of showing a stay is appropriate under any of the three relevant factors. A stay will not help the orderly course of justice because Menges does not challenge his conviction in either case but challenges Idaho laws in his Idaho case and a Montana law in his Montana case. Neither case will decide the other. A stay will prejudice Menges because he does not seek legal damages to make him whole in the future, but equitable remedies to address the daily injury the State inflicts on him through mandated sex offender registration. And there is no hardship to the State in denying a

stay because the State has declined to even attempt to make any
showing of hardship.

**I.       A Stay Will Not Help the Orderly Course of Justice
          Because Menges Challenges Different Statutes in the
          Two Cases**

>      **A.     A Decision in the Idaho Action Will Not Moot
>             This Action**

The State's request for a stay stems from two mistaken premises.
First, that Menges challenges his 1994 conviction for Crime Against
Nature in this lawsuit or the Idaho lawsuit. Second, that relief in the
Idaho lawsuit could moot Menges's claims here. Neither is right.

Menges has made clear multiple times that he does not challenge
his conviction here. Menges's Opening Brief in Support of Motion for
Preliminary Injunction, ECF No. 9–1, at 11–12; Menges's Reply Brief on
Motion for Preliminary Injunction, ECF No. 20, at 3–4. It was legal and
constitutional to convict people for having gay sex in 1994. *See Bowers
v. Hardwick*, 478 U.S. 186, 192–94 (1986). This was, to put it mildly, a
bad time for gay rights in this country. But there was nothing
unconstitutional about Gem County, Idaho convicting Menges in 1994.

And he is uninterested in challenging his conviction not least
because there are all manner of statutory and judicially-created
impediments to doing so. Questions of retroactivity of Supreme Court
decisions are contested and byzantine. *See, e.g.*, *Teague v. Lane*, 489
U.S. 288 (1989); *Schriro v. Summerlin*, 542 U.S. 348 (2004); *Welch v.*

*United States*, 136 S. Ct. 1257, 1259–60 (2016). Federal habeas relief is only available to those still in custody. 28 U.S.C. § 2254(a). Even when habeas is available, a petitioner must hurdle various barriers before a court can address the merits of a habeas petitioner's claims. *See*, e.g., 28 U.S.C. § 2244. And state post-conviction relief is often little, if any, better, with statutes of limitations that can expire years before a claim could ever be ripe based on new Supreme Court precedent. *See* I.C. § 19-4902(a) (one-year statute of limitation "from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later" to seek post-conviction relief).

But more to the point, Menges does not challenge his conviction because he served his time for that conviction and is looking to move on with his life.

But he can't move on with his life because several states still require him to register as a sex offender for having gay sex, despite the Supreme Court announcing 18 years ago that it is protected under the Fourteenth Amendment. Menges doesn't seek to change anything from 25 years ago or to be relieved from the sentence Idaho imposed on him and that is long behind him. Instead, Menges challenges the law that imposes continuing, daily harm on him now: the requirement that he register as a sex offender.

And because Menges does not challenge his conviction either here or in Idaho, relief in Idaho will not provide relief here or moot this case.

6

Even if the Idaho plaintiffs obtain every one of the 21 forms of relief they request in their Amended Complaint, Menges will still have a conviction for Crime Against Nature, a crime for which Idaho law requires registration—or, in the parlance of the Montana Sexual or Violent Offender Registration Act, he will still have a "violation of a law of another state . . . for which the offender was required to register as a sexual offender after an adjudication or conviction." § 46-23-502(9)(b), MCA.

There is no relief Menges requested or that the District of Idaho can order that would change Montana law. Even if Menges obtains the home-run version of relief that he seeks in that case—declaring that Idaho Code § 18-6605 is unconstitutional on its face as it relates to activity between human beings—it *still* wouldn't moot this case.

The State's assumption that a favorable ruling on the pending motions in Idaho appears to rest on a misconception of the practical effect of a federal district court declaring a law unconstitutional. "The term 'invalidate' is a common judicial shorthand when the Court holds that a particular provision is unlawful and therefore may not be enforced against a plaintiff." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2351 n.8 (2020). But federal courts "of course do[ ] not formally repeal the law from the U. S. Code or the Statutes at Large." *Id*. Instead, the act of "invalidating" a law is the federal judiciary "recogniz[ing] that the Constitution is a 'superior, paramount law,' and that 'a legislative act contrary to the constitution is not law' at all." *Id*.

(quoting *Marbury v. Madison*, 1 Cranch 137, 177 (1803)). Declaring a law invalid "'amounts to little more than the negative power to disregard an unconstitutional enactment.'" *Id.* (quoting *Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923)). As a result, laws that courts have declared invalid still litter the state and federal codes.

And a judicial declaration that a law is invalid does not technically bind anyone. Injunctive relief can bind the parties to the action (and those in privity with them), but the courts lack power to enjoin people who are not parties to the action. Instead, courts rely on principles of "vertical and horizontal stare decisis" and executive branches' general respect for judicial decisions to prevent other-and-future government actors from enforcing so-called invalidated laws. *Id.* But no ruling from the District of Idaho would bind the State here.

And there's little reason to believe that any form of horizontal stare decisis (the State here respecting the decision of the District of Idaho) would compel the State to act differently when vertical stare decisis has failed. No less than the United States Supreme Court declared that laws that criminalize oral or anal sex with no other elements are unconstitutional, *Lawrence*, 539 U.S. at 578, but here we are. Idaho and Montana are both—separately—unmoved despite vertical stare decisis.

Finally, the State misreads the relief Menges seeks in his preliminary injunction in Idaho. While his Amended Complaint *does* request 'invalidation' of the Idaho Crime Against Nature statute as one

8

of his requests for relief, he does not seek *preliminary* injunctive relief declaring the statute unconstitutional. He seeks only "a preliminary injunction prohibiting the defendants [and those in privity with them] from requiring [Menges and the other plaintiff] to register as sex offenders." *See* Plaintiffs' Renewed Motion for a Preliminary Injunction, ECF No. 49, *Doe v. Wasden*, Case No. 20-cv-452 (D. Idaho, Jan. 19, 2021). The preliminary injunction motion asks for relief as-applied to the plaintiffs. So *even* if the State were right that Menges challenges his conviction in Idaho and that a favorable ruling in the Idaho invalidating the Crime Against Nature law would moot this case, the State would *still* be wrong that the pending motion for preliminary injunction could provide that relief. Menges hasn't even asked for it.

## B.    Because Menges Challenges Montana Law, It Is Not a Waste of Judicial Resources and Does Not Present a Risk of Different Outcomes

Menges brings an as-applied challenge to the Montana Sexual or Violent Offender Registration Act's requirement that an individual register as a sex offender for an out-of-state conviction for which that originating state requires registration. § 46-23-502(9)(b), MCA. He does not challenge any Idaho law or assert any injury arising from Idaho.

While it was Montana's decision in 2005 to expand the Montana Sexual or Violent Offender Registration Act's application to such out-of-state convictions that incorporated Idaho's sex offender registration

requirements into Montana law, it is still Montana's law Menges challenges in this suit, not Idaho's.

The Idaho suit challenges Idaho law. This suit challenges Montana law. Both cases *do* ask the courts to decide whether *Lawrence* allows sex offender registration for pre-*Lawrence* sodomy convictions. But different district courts grapple with the same or similar issues—or interpret the same Supreme Court case—all the time. That the cases present similar issues does not meet the high burden of showing that a stay is appropriate.

## II.     A Stay Will Prejudice Menges Because His Harm is Ongoing

"A court may 'appropriately enter stay orders where a party seeks only damages, does not allege continuing harm, and does not seek injunctive or declaratory relief since a stay would result only in delaying monetary recovery.'" *N.Y. Marine & Gen. Ins. Co. v. Junkermier, Clark, Campanella, Stevens, P.C.*, No. CV 14-83-GF-BMM, 2019 U.S. Dist. LEXIS 123533, at *3–4 (D. Mont. July 24, 2019) (quoting *W. Sec. Bank v. Schneider Ltd. P'ship*, No. CV-15-10-BLG-SPW-CSO, 2015 U.S. Dist. LEXIS 59316, *4 (D. Mont. May 6, 2015) (citing *Lockyer v. Mirant Corp.*, 398 F.3d at 1110 (9th Cir. 2005))).

Menges does not seek damages and does allege continuing harm. He challenges the continued severe restrictions imposed on him by sex offender registration in Montana nearly two decades after the Supreme Court invalidated the statute the State relies on to force him to register.

The State also argues that the stay will not be indefinite because it only asks for a stay until the District of Idaho rules on the motions to dismiss and for a preliminary injunction. State's Br. at 8. It is highly likely rulings on these motions will be appealed. If the case is dismissed, Menges will appeal. Given Idaho's litigation posture to date, it seems likely that the State will appeal if the court enters a preliminary injunction. And if the District of Idaho denies the motion for a preliminary injunction, Menges intends to appeal. If the State here believes that the District of Idaho ruling on these issues warrants a stay, it seems likely they will feel similarly about either of these motions going to the Ninth Circuit. In practical effect, a stay here, if granted, could last years.

A stay will prejudice Menges's right to obtain a "just, speedy, and inexpensive determination" of his constitutional rights. Fed. R. Civ. P. 1.

## III.      The State Makes No Showing of Hardship

If "there is even a fair possibility that the stay will work damage to someone else, the party seeking the stay must make out a clear case of hardship or inequity." *All. for the Wild Rockies v. Burman*, No. CV 20-22-GF-KLD, 2020 U.S. Dist. LEXIS 142970, at *14 (D. Mont. Aug. 10, 2020) (quoting *Lockyer*, 389 F.3d at 1112 (internal quotations omitted)). "[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity" *Lockyer*, 398 F.3d at 1112.

11

The State does not identify any harm it would suffer without a stay, or even identify that it is a factor the Court should consider in in assessing a motion for a stay. Because it is the State's burden to establish a clear case of hardship or inequity, its failure to show any is fatal on this factor.

### Conclusion

The Court should deny the motion and allowed this case to proceed.

Date: February 12, 2020          Respectfully submitted,

/s/ Matthew Strugar
Matthew Strugar
(*pro hac vice*)
Law Office of Matthew Strugar
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
T: (323) 696-2299
matthew@matthewstrugar.com

Elizabeth K. Ehret
Attorney at Law
3800 O'Leary St., #104
Missoula, MT 59808
T: (732) 312-7400
elizabeth.k.ehret@gmail.com

*Attorneys for Plaintiff*

## Certificate of Compliance

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and contains 2,916 words, excluding caption, certificate of service, and certificate of compliance.

## Certificate of Service

I certify that on February 12, 2021, I filed electronically the foregoing with the Clerk of the Court using the CMF/ECF filing system that served a true and correct copy of the foregoing to the CMF/ECF participants listed below:

Hannah E. Tokerud
hannah.tokerud@mt.gov

J. Stuart Segrest
ssegrest@mt.gov

*Attorneys for Defendants*

<u>/s/ Matthew Strugar</u>
Matthew Strugar