AUSTIN KNUDSEN
Montana Attorney General
J. STUART SEGREST
Chief, Civil Bureau
HANNAH E. TOKERUD
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone: 406-444-2026
Fax: 406-444-3549
hannah.tokerud@mt.gov
ssegrest@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL MENGES,<br><br>    Plaintiff,<br><br> v.<br><br>AUSTIN KNUDSEN, Attorney General of the State of Montana; GARY SEDER, Bureau Chief of the Montana Crime Information Bureau; and SARA MALIKIE, Head of the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office, each in their official capacities,<br><br>    Defendants. | CV 20-178-M-DLC-KLD<br><br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS** |

# INTRODUCTION

In 1994, Plaintiff Randall Menges was convicted of an offense in Idaho, which required him to register as a sexual offender. Under the Montana Sexual or Violent Offender Registration Act, a person must register as a sexual offender in Montana for "any violation of a law of another state . . . for which the offender was required to register as a sexual offender after an adjudication or conviction." Mont. Code Ann. § 46-23-502(9)(b). Menges, therefore, was required to register when he moved to Montana in 2018.

In this action, Menges seeks to enjoin Montana from giving legal effect to his Idaho conviction, even though he does not currently live in Montana, essentially asking this Court to rule on the constitutionality of that conviction. This case should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because Menges lacks standing to challenge Montana Code Annotated § 46-23-502(9) and has failed to state a claim upon which relief can be granted.

# BACKGROUND

**Menges's conviction**

When Randall Menges was 18, he worked at an Idaho camp for troubled boys. Doc. 9-2 at 2.[1] While working there, he had sex with two 16-year-old residents, which led to an investigation of possible sexual abuse. *Id.;* Doc. 9-6. Menges pleaded guilty to one count of violating Idaho's "crimes against nature" statute. Doc. 16-1, Ex. B at 20. Idaho law requires that Menges register as a sex offender. *Id.* Menges is registered as a violent sexual offender in Idaho. Doc. 16-1, Ex. A (Menges's Idaho offender profile).

Menges moved to Montana in 2018 and was required to register as a sexual offender based on his registration in Idaho.[2] Doc. 9-2 at 3. Menges currently lives in Idaho but asserts that he wants to relocate to Montana. Doc. 9-2 at 4.

---

[1] For purposes of this response, the State takes facts from Menges's filings; however, the State does not waive the right to contest any assertions that Menges has made in his complaint or any other filing.
[2] The Montana Sex Offender Registry entry for Menges is located at: https://app.doj.mt.gov/apps/SVOW/offenderDetail.html?SID=MT03445150.

In Idaho federal court, Menges is challenging the statute under which he was convicted and the related registration requirement. Doc. 16-1, Ex. B (Menges's Idaho amended complaint).

**Statutory Scheme**

Since the creation of Montana's registry in 1989, sexual offenders convicted in other jurisdictions have been required to register for offenses that are reasonably equivalent to Montana offenses requiring registration. *State v. Hamilton*, 164 P.3d 884, 886 (Mont. 2007) (citing § 2, Ch. 293, L.1989). In 2005, the Legislature amended the definition of "sexual offense" to include any violation of a law of another jurisdiction for which a person was required to register as a sex offender after conviction in that jurisdiction. *Id.* (citing § 1, Ch. 313, L.2005). Offenders convicted in another jurisdiction receive the risk level designation assigned by that jurisdiction. *Id.*

"The legislative history for the 2005 amendments indicates that the changes were made to clarify administrative issues that had arisen over the course of administering the Act and to better serve the public." *Id.* at 887 (citing Mont. Sen. Jud. Comm., *Hearing on HB 49*, 2005 Reg. Sess. (Mar. 14, 2005)). The amendment requiring another

state's registered sex offenders to register in Montana, regardless of the specific sexual crime, was considered "a matter of public safety." *Id.* at 888.

## ARGUMENT

### I. This Court should dismiss Menges's Complaint because he lacks standing.

Article III of the United States Constitution limits federal court jurisdiction to only *actual* cases and controversies. U.S. Const. art. III, § 2; *Allen v. Wright*, 468 U.S. 737, 750 (1984). The plaintiff must establish that subject matter jurisdiction exists. *Chandler v. State Farm Mut. Auto. Ins.*, 598 F.3d 1115, 1122 (9th Cir. 2010). This includes establishing standing to bring claims. *Id.* at 1121. Challenges to standing are properly raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1) because "standing . . . pertain[s] to federal courts' subject matter jurisdiction." *Id.* at 1122. Additionally, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Even when a court accepts all factual allegations in the complaint as true, the court does "not accept *legal conclusions* in the complaint as true, even if 'cast in the form of factual allegations.'" *Lacano*

*Investments, LLC v. Balash*, 765 F.3d 1068, 1071 (9th Cir. 2014) (quotation omitted) (emphasis in original). A court may also "look beyond the complaint and consider extrinsic evidence." *Id.* (quotation omitted); *see also* Fed. R. Evid. 201.

Menges asks this Court to declare Montana Code Annotated § 46-23-502(9) unconstitutional as applied. Menges lacks standing to challenge § 46-23-502(9), however, because a favorable decision in this case will not cure the injury of which he complains—being a registered sexual offender. A favorable ruling in Idaho, on the other hand, would redress his injury.

To establish standing, a plaintiff must demonstrate: (1) that he suffered an injury in fact, *i.e.*, an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) that there is a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury will likely be redressed by a favorable decision. *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013). To establish redressability, a plaintiff must show that the requested relief is substantially likely to

redress his injuries and is within the district court's power to award. *Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020) (citation omitted).

Menges fails to meet his burden. Menges does not reside in Montana, and though he asserts a desire to return to Montana, he has articulated no concrete plan to do so. Doc. 9-2 at 4. Menges lives in Idaho, where he is a registered sex offender (and where he will be required to register regardless of the outcome of this case).[3] Menges nonetheless asserts that he "suffers continuing harm as a result of Montana mandating registration on the [registry] for his 1994 conviction." Doc. 1, ¶ 54. Menges alleges that "registration burdens his everyday life and presents a significant barrier to obtaining employment, housing, or even maintaining social relationships." Doc. 1, ¶ 51. Specifically, Menges alleges that he "was kicked out of a homeless shelter in Boise on account of being marked noncompliant with the Montana [registry]" and that a potential employer rejected his job

---

[3] Menges is contemporaneously challenging the constitutionality of his conviction in Idaho. Relief in that case would moot this case. In light of Menges's multi-forum suits, the State has moved to stay this action. Doc. 15.

application "on account of his inclusion on the Montana [registry]." Doc 1, ¶¶ 49, 53.

Even assuming Menges could meet the first two elements of standing, he cannot meet the element of redressability. Menges was not charged with or convicted of a crime in Montana. Instead, he was convicted and required to register in Idaho. Because Montana's registration requirement is based on Idaho's registration requirement, Menges's arguments about the circumstances leading to his conviction are irrelevant. While Menges would have this Court focus on his 1994 conviction, that conviction requires registration in Idaho. Montana officials and judges should not be called on to revisit and judge the facts of a decades-old conviction in another state, especially when that conviction is being contemporaneously challenged in another forum.

Because he will remain a registered sexual offender unless he prevails in his Idaho case, the relief Menges seeks in this court is not substantially likely to redress his injuries, nor is it within the district court's power to award. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Townley*, 722 F.3d at 1135 (quoting

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998)). Menges's challenge to his Idaho conviction properly belongs in Idaho, not Montana; Menges lacks standing to pursue his claims in this jurisdiction.

## II. The Court should dismiss this case because Menges failed to state a claim upon which relief may be granted.

Menges cannot seek to invalidate his conviction through a collateral attack. A plaintiff cannot seek a remedy that would cast doubt on the validity of a conviction until showing "that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). If the Court were to rule in Menges's favor, the Court would necessarily imply the invalidity of his conviction. Indeed, that is exactly what the Complaint asks this Court to do.

Menges's case relies on the alleged unconstitutionality of his conviction based on the United States Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558, 578 (2003). Contrary to Menges's characterization, *Lawrence* did not strike down "crimes against nature"

statutes in all circumstances. Instead, it put constitutional limitations on the enforcement of criminal statutes when it involves "adults . . . [and the] conduct was in private and consensual." *Id.* at 564.

Menges's conduct involved 16-year-old victims, and he does not allege that the conduct was in private. Menges repeatedly asserts that the sexual activity at issue was consensual, including in a self-serving declaration. Doc. 9-2. This is a conclusory legal statement entitled no weight. *See*, *e.g.*, *Lacano Investments*, 765 F.3d at 1071. It is unclear whether the conduct at issue was consensual. The participants were housed at a "youth foster program and working ranch for troubled young men." Doc. 1 at 7. Under Montana law, a victim is incapable of consent under many circumstances that could apply here. *See*, *e.g.*, Mont. Code Ann. § 45-5-501(1)(b)(v) (stating a victim is incapable of consent when incarcerated in a juvenile correctional or treatment facility where the perpetrator is an employee or volunteer of the supervising authority with authority over the victim); 45-5-501(1)(b)(vi)(B) (stating a victim is incapable of consent where he is receiving services from a youth care facility and the perpetrator is an employee or volunteer with authority over the victim); 45-5-

501(1)(b)(vii)(B) (stating a victim is incapable of consent where he is admitted to a community-based facility or residential facility and the perpetrator is an employee or volunteer with authority over the victim); 45-5-501(1)(b)(viii) (stating a victim is incapable of consent where he is a program participant in a private alternative adolescent residential or outdoor program and the perpetrator is associated with the program). Idaho may or may not have similar laws regarding consent, underscoring the importance of letting Idaho decide how to handle offenders in that state and then having Montana provide full faith and credit to Idaho's judgment.

Importantly, under Montana Code Annotated § 46-23-502(9), the circumstances of Menges's underlying conviction are irrelevant. The inquiry is simply whether Menges is required to register in another jurisdiction. Menges does not allege that this statutory scheme is unconstitutional on its face. Menges asserts that the application of the Act *to him* violates his rights to substantive due process, equal protection, and privacy. Menges cites no authority that the disclosure of the fact of his conviction and of his identifying characteristics to render that status meaningful to the public constitutes the infringement of a

fundamental right. Doc. 20 at 6. Nor does he state any fact showing that the Defendants knew of his membership in a protected class, much less that they acted with an intent or purpose to discriminate against him based on membership in that class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th Cir. 2005) (setting forth steps in the equal protection analysis).

Under Montana law, "all statutes carry with them a presumption of constitutionality." *State v. Michaud*, 180 P.3d 636, 645 (Mont. 2008) (quotation omitted). Even if Menges had a fundamental right to be free from registration and notification requirements, which Defendants contest, Montana Code Annotated § 46-23-502(9) is a neutral law based on legitimate state interests.[4] States have a legitimate interest in preventing and responding to crime and a substantial state interest in protecting vulnerable individuals, particularly children, from sex offenders. *See, e.g., Doe v. Harris,* 772 F.3d 563, 577 (9th Cir. 2014); *Smith v. Doe*, 538 U.S. 84, 102–03 (2003) (quotation and quotation marks omitted) (stating registration statutes have a "legitimate

---

[4] Many states have statutes similar to Montana's. *E.g.*, Ind. Code § 11-8-8-5(b)(1); Neb. Rev. Stat. § 29-4003(1)(a)(iv) & (1)(b)(iii); Iowa Code § 692A.103(1); La. Stat. Ann. § 15:542.1.3(A).

nonpunitive purpose of public safety, which is advanced by alerting the public to the risk of sex offenders in their community"); *United States v. Laursen*, 847 F.3d 1026, 1034 (9th Cir. 2017) (protecting children from sexual abuse and exploitation constitutes a particularly compelling interest of the government). The State also has an interest in administrative efficiency.[5]

In addition, Montana Code Annotated § 46-23-502(9) complies with federal law, which seeks to maintain a cohesive national sex-offender registry by having states respect the registration policies of other jurisdictions. *See* 34 U.S.C. § 20901 (establishing "a comprehensive national system" for registration); 34 U.S.C. § 20927 (allowing the withholding of federal funding for noncompliance).

Menges's complaint is a prohibited collateral attack on his Idaho conviction and fails to state a claim that Montana Code Annotated § 46-23-502(9) violates his rights to substantive due process, equal protection, and privacy.

---

[5] Menges does not contest these state interests "as general matters," just as applied to him. Doc. 20 at 9–10.

## Conclusion

The Court should dismiss this case because Menges lacks standing and has failed to state a claim for relief.

DATED the February 12, 2021.

> AUSTIN KNUDSEN
> Montana Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By: */s/ Hannah E. Tokerud*
> HANNAH E. TOKERUD
> Assistant Attorney General
> Counsel for Defendants

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the work count calculated by Microsoft Word for Window is 2,317 words, excluding caption, certificate of service and certificate of compliance.

>            */s/ Hannah E. Tokerud*
>            HANNAH E. TOKERUD
>            Assistant Attorney General
>            Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.  Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  February 12, 2021          */s/ Hannah E. Tokerud*
                                   HANNAH E. TOKERUD
                                   Assistant Attorney General
                                   Counsel for Defendants