AUSTIN KNUDSEN
Montana Attorney General
J. STUART SEGREST
Chief, Civil Bureau
HANNAH E. TOKERUD
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone:  406-444-2026
Fax:  406-444-3549
hannah.tokerud@mt.gov
ssegrest@mt.gov

COUNSEL FOR DEFENDANTS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RANDALL MENGES,<br><br>    Plaintiff,<br><br> v.<br><br>AUSTIN KNUDSEN, Attorney General of the State of Montana; GARY SEDER, Bureau Chief of the Montana Crime Information Bureau; and SARA MALIKIE, Head of the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office, each in their official capacities,<br><br>    Defendants. | CV 20-178-M-DLC-KLD<br><br>**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY** |

# INTRODUCTION

Defendants moved for a stay of this action pending the outcome of the District of Idaho's decision on pending motions, which will likely have an impact on this action. "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be *weighed*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citation omitted) (emphasis added).

While *Lockyer* lays out a non-exclusive list of possible interests a court may consider, these interests are not "factors" that must be met, but interests to weigh against each other. *Id.* Specifically, the Court compared "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

In this case, the balance of hardship between the parties and the prospect of narrowing the factual and legal issues in this proceeding justify a stay. Menges is asking Defendants and this Court to revisit

and judge the facts of a decades-old conviction in Idaho. In light of the contemporaneous suit in Idaho on the same issues, Defendants have requested a limited stay only until the Idaho court rules on the pending preliminary injunction motion and motion to dismiss, minimizing any prejudice to Menges.

Moreover, a decision by the Idaho district court as to the pending motions will simplify or even resolve this case. Menges is currently required to register in Idaho, which is why he is also required to register in Montana. If Idaho lifts the registration requirement as applied to Menges, Montana Code Annotated § 46-23-502(9)(b) will no longer apply and Menges will not be required to register. At that point, Menges's case in Montana would be moot and subject to dismissal. If, on the other hand, both the Idaho and Montana federal courts take up Menges's challenge, there is a risk of not only wasted judicial resources but conflicting decisions involving the same plaintiff. This Court should wait for further action by the Idaho court before moving forward.

# ARGUMENT

## This Court should stay this action until the Idaho federal court rules on Menges's pending preliminary injunction motion and motion to dismiss.

District courts have "broad discretion" to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Contrary to Menges's assertion, in the Ninth Circuit, an order staying a case is an appealable final order only when the plaintiff is "effectively out of court." *Stanley v. Chappell*, 764 F.3d 990, 995 (9th Cir. 2014) (quoting *Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 714-15 (1962)). The Ninth Circuit has been "careful to note that a stay order is not ordinarily an appealable order for purposes of § 1291." *Id.* A plaintiff is "effectively out of court" only "where . . . the object of the stay is to require all or an essential part of the federal suit to be litigated in a state forum." *Id.* (citing *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 9 (1983)).

Here, this Court should exercise its inherent discretionary authority and stay the proceedings because allowing Menges to simultaneously pursue the same constitutional challenge to his registration requirement in two federal courts is inequitable,

wastes judicial resources, and risks conflicting decisions. Conversely, Menges has a federal forum—Idaho—where he can make his claim that a state should not be allowed to require registration based on the underlying offense.[1]

First, the equities favor a stay. There is no "only damages" requirement for entry of a stay; instead, the relief sought goes to whether a party would be prejudiced by a stay. *See, e.g., Lockyer*, 398 F.3d at 1112 (analyzing the relief sought in the context of the balance of hardship between the parties). Menges seeks "equitable remedies to address the daily injury the State inflicts on him through mandated sex offender registration." Doc. 22 at 4. Menges does not reside in Montana and has articulated no concrete plan to return to Montana. Doc. 9-2 at 4. Under these facts, a limited stay would not prejudice Menges.[2]

---

[1] He also has a state forum where he can make a claim that continued registration in Montana is not necessary for public protection. *See* Mont. Code Ann. § 46-23-506(3)(b).

[2] Menges states that any ruling on the pending motions in Idaho will be appealed and suggests that the State will likely seek a stay in that event. Doc. 22 at 12. That is not, however, the motion before the Court. Of course, if this Court were inclined to stay this case pending final resolution of the Idaho case, the State would not object.

A stay would, however, protect judicial and state resources and avoid potentially conflicting outcomes. Menges makes repeated factual allegations about the circumstances of his conviction in his Complaint. As Defendants argued in the briefing on the motion to dismiss, Montana officials and judges should not be called on to revisit and judge the facts of a decades-old conviction in another state, especially when that conviction is being contemporaneously challenged in the forum of the conviction. Menges acknowledges the risk of conflicting opinions, but dismisses the State's concern, stating different district courts grapple with the same issues all the time. Doc. 22 at 10. This case, however, involves different district courts grappling with the same issues regarding the *same* plaintiff—only one location, however, is the locus of the underlying conviction: Idaho.

Finally, Menges's repeated assertion that he would still be required to register under Montana law even if he prevailed in Idaho is wrong. Menges argues that even "the home-run version of relief that he seeks" in Idaho would not moot this case and that a judicial declaration that a law is invalid is not "technically" binding. Doc. 22 at 8. Montana law is based on a respect of other jurisdictions' registration policies,

meaning a sex offender registrant's actual registration under another jurisdiction's law is conclusive evidence that the registrant is required to register in Montana. If the Idaho registration requirement were lifted, including through a preliminary injunction, Montana Code Annotated § 46-23-502(9) would not apply to Menges and would not require registration in Montana. This case would then be moot and subject to dismissal.

## CONCLUSION

This Court should grant the State's motion for a stay.

DATED the February 23, 2021.

        AUSTIN KNUDSEN
        Montana Attorney General
        215 North Sanders
        P.O. Box 201401
        Helena, MT 59620-1401

By:   */s/ Hannah E. Tokerud*
       HANNAH E. TOKERUD
       Assistant Attorney General
       Counsel for Defendants

DEFENDANTS' REPLY BRIEF IN
SUPPORT OF MOTION TO STAY
PAGE 7

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the work count calculated by Microsoft Word for Window is 1,092 words, excluding caption, certificate of service and certificate of compliance.

>          */s/ Hannah E. Tokerud*
>          HANNAH E. TOKERUD
>          Assistant Attorney General
>          Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.  Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  February 23, 2021      */s/ Hannah E. Tokerud*
         HANNAH E. TOKERUD
         Assistant Attorney General
         Counsel for Defendants