AUSTIN KNUDSEN
Montana Attorney General
J. STUART SEGREST
Chief, Civil Bureau
HANNAH E. TOKERUD
Assistant Attorney General
215 North Sanders
P.O. Box 201401
Helena, MT 59620-1401
Phone:  406-444-2026
Fax:  406-444-3549
ssegrest@mt.gov
hannah.tokerud@mt.gov

COUNSEL FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| RANDALL MENGES, | CV 20-178-M-DLC |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS** |
| AUSTIN KNUDSEN, Attorney General of the State of Montana; GARY SEDER, Bureau Chief of the Montana Crime Information Bureau; and SARA MALIKIE, Head of the Sexual and Violent Offenders Program for the Missoula County Sheriff's Office, each in their official capacities, | |
| Defendants. | |

## INTRODUCTION

This case should be dismissed under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) because Menges lacks standing to challenge Montana Code Annotated § 46-23-502(9) and has failed to state a claim upon which relief can be granted. At issue is the constitutionality of a law requiring the registration of certain sex offenders. The constitutionality of a law prohibiting a certain type of sexual behavior is not at issue, despite Menges tying all his claims to an attack on the underlying Idaho conviction.

Montana requires Menges to register because Montana gives credit to other states' determinations about convicted offenders who are required to register. Menges *is not* required to register in Montana because of the nature of, or the facts underlying, his criminal offense. Through his challenge to Montana's registration requirements, Menges improperly attempts to relitigate his conviction under Idaho's "crimes against nature" statute.

Menges has not alleged injury redressable by this Court. His claims are barred by the *Heck* doctrine. In addition, Menges fails to demonstrate that the disclosure of the fact of his conviction and of his

identifying characteristics to render that status meaningful to the public constitutes the infringement of a constitutionally protected interest. For these reasons, as well as those argued in the opening brief, dismissal is appropriate.

## ARGUMENT

### I.    Menges lacks standing.

To establish standing, a plaintiff must demonstrate: (1) that he suffered an injury in fact, *i.e.*, an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) that there is a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the challenged action of the defendant; and (3) that the injury will likely be redressed by a favorable decision. *Townley v. Miller*, 722 F.3d 1128, 1133 (9th Cir. 2013). Menges fails to establish standing because his alleged injury—being a registered sex offender— will not be addressed by a favorable decision in Montana federal court.

There is no causal connection between the injury "complained of"—registration for a sodomy conviction—and Defendants' conduct. Montana's requirement is based on the fact that Idaho requires him to

register, not the underlying conviction. Even assuming Menges's injuries are sufficiently concrete and are traceable to Defendants, Menges cannot meet the element of redressability. Menges argues that, regardless of Idaho's actions, Montana's registration requirement injures him and that "[f]inding the law unconstitutional as applied to him would redress this injury." Doc. 29 at 19. To address Menges's as-applied claim, however, would require this Court to wade into the facts of Menges's underlying conviction and make a ruling on the constitutionality of the conviction. Menges's challenge to his Idaho conviction properly belongs in Idaho, not Montana; Menges thus lacks standing to pursue his claims in this jurisdiction.

## II. Menges failed to state a claim upon which relief may be granted.

All of Menges's claims rely on this Court evaluating the facts of his 1994 conviction and finding the law under which he was convicted unconstitutional. He argues that "because his registration hinges on him having engaged in same-sex sexual activity," Montana's law as applied to him is unconstitutional under *Lawrence v. Texas*, 539 U.S. 558 (2003), equal protection analysis, and Montana's constitutional privacy provision. Doc. 29 at 23–33. These arguments demonstrate that

his suit is, at root, a collateral attack on his conviction. Because he challenges the underlying conviction, or at the very least asks the Court to rule on its constitutionality, his claims should be dismissed.

### A.  Menges's claims are *Heck*-barred.

Menges's claims, as demonstrated by his arguments in his brief in opposition and the claims in his Complaint, rely on this Court determining that the Idaho conviction underlying his Idaho registration requirement is unconstitutional. Doc. 29 at 23–33; Doc. 1 at 5–13. If the Court were to rule in Menges's favor and grant his claims, it would thus necessarily require affirmative invalidation of his conviction, which is barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Menges nonetheless asserts that he "does not attack the validity of his conviction." Doc. 29 at 20. But he has framed the issue as "how courts should deal with historical sodomy convictions in the context of sex offender registration," stating "such convictions violated Substantive Due Process rights to have oral and anal sex." Doc. 29 at 8–9. This lawsuit is, in Menges's own words, a collateral attack on his conviction.

Menges's suggestion that "prospective relief" is never barred by *Heck* is incorrect. *Heck* applies "to equitable relief concerning an

existing confinement, not to suits seeking to preclude an unconstitutional confinement in the future, arising from incidents occurring after any prior conviction and stemming from a possible later prosecution and conviction." *Martin v. City of Boise*, 920 F.3d 584, 615 (9th Cir. 2019). *Heck* bars § 1983 suits, even when the relief sought is prospective injunctive or declaratory relief, "if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). Here, Menges claims that Montana's registration requirement violates *Lawrence*, equal protection, and privacy under Montana's constitution because of the nature of the Idaho conviction. Doc. 29 at 23–33; Doc. 1 at 5–13.

Contrary to Menges's assertion, *Martin* does not support his claims. In *Martin*, several homeless individuals challenged the City of Boise's public camping ordinance on Eighth Amendment grounds. The individuals had been previously arrested and cited but were not in custody when they filed suit. They sought retroactive and prospective relief. The *Martin* court held that *Heck* did not bar their claim for an injunction to prevent *future* prosecution under the ordinances.

Here, on the other hand, Menges's claims do not "aris[e] from incidents occurring after any prior conviction" or "stem[] from a possible later prosecution and conviction." *Martin*, 920 F.3d at 615. Nor does Menges seek prospective protection from future prosecution. Instead, he requests that this Court review his 1994 conviction and hold that Montana cannot provide comity to Idaho's registration requirement because of that underlying conviction.

Importantly, finding Menges's Montana claims are *Heck*-barred does not mean Menges has no avenue for relief. Menges has a federal forum—Idaho—where he is already pursuing relief. He also has a state forum where he can make a claim that continued registration in Montana is not necessary for public protection. *See* Mont. Code Ann. § 46-23-506(3)(b).

Because success in this action would necessarily demonstrate the invalidity of his conviction, Menges's claims are barred by *Heck*.

**B.     Menges fails to state a claim that Montana Code Annotated § 46-23-502(9) violates his rights to substantive due process, equal protection, and privacy.**

Montana Code Annotated § 46-23-502(9) is presumed to be constitutional. *See State v. Michaud*, 180 P.3d 636, 645 (Mont. 2008)

(quotation omitted) (stating "all statutes carry with them a presumption of constitutionality"). As a matter of law, Montana's registry requirement under Montana Code Annotated § 46-23-502(9) does not depend on the underlying conviction. Menges's as-applied challenge fails because the statute as applied to Menges looks only to Idaho's registration requirement. In fact, the circumstances of the underlying conviction are irrelevant. Menges is required to register in Montana because he is required to register in another jurisdiction. Montana's statutory scheme therefore does not "incorporate" Idaho's "crimes against nature" statute. Doc. 29 at 12. Any constitutional issue regarding Menges's conviction under Idaho's "crimes against nature" should be addressed in Idaho.

### 1.   Due process

Menges now apparently raises a procedural due process claim, Doc. 29 at 23, but he fails to indicate what process he was due that he did not receive. *See, e.g.*, *Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998) ("A procedural due process claim has two distinct elements: (1) a deprivation of a constitutionally protected liberty or

property interest, and (2) a denial of adequate procedural protections.").
As such, this new claim fails.

To the extent his due process claim is a substantive one, as the
State assumed, the claim fails. To allege a deprivation of the
Fourteenth Amendment right to substantive due process under § 1983,
Menges must show (1) a deprivation of life, liberty, or property, and
(2) behavior by the government that "shocks the conscience" in a
constitutional sense. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir.
2006) (quotation omitted). Menges argues he cannot be "punish[e]d and
restrict[ed]" for his conviction. Doc. 29 at 28. Being required to register
is not a punishment. *See, e.g., Smith v. Doe*, 538 U.S. 84, 102–05 (2003);
*State v. Mount*, 2003 MT 275, ¶ 89, 317 Mont. 481, 78 P.3d 829 (holding
Montana's Sexual Offender Registration Act is nonpunitive). Moreover,
requiring registration of offenders who are required to register in
another state does not rise to the level of the arbitrary, capricious, and
conscious-shocking behavior that could support a substantive due
process claim. Indeed, Menges has made clear that he does not
challenge, facially, Montana's statutory scheme of providing comity to
other jurisdiction's registration requirements. Doc. 29 at 17.

### 2.    Equal protection

To state a § 1983 claim for violation of the equal protection clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."[1] *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (quotation omitted). Menges has not offered *any fact* that demonstrates discriminatory intent. Instead, Montana treats Menges exactly the same as any other person who "was required to register [in another state] as a sexual offender after an adjudication or conviction," Mont. Code Ann. § 46-23-502(9)(b), regardless of the nature of the underlying conviction. To the degree this equal treatment creates any type of class, it is not a protected class.

Menges argues that he is similarly situated to someone with a conviction for consensual vaginal sex with a different-sex partner (who he argues is not required to register). Doc. 29 at 30. But this overlooks that Montana's registration requirement is not based on the nature of

---

[1]  Menges suggests that the State "purposefully misconstrue[s]" his legal theory of equal protection. Doc. 29 at 31. Menges's equal protection claim, however, unlike the claim in *Romer v. Evans*, 517 U.S. 620 (1996), is a § 1983 claim. Doc. 1 at 10.

the underlying offense. If the consensual different-sex conduct was a registerable offense in another state, then Montana would require registration. If the person's conduct was not registerable, then the person is not similarly situated.

What's more, determining whether Menges's 1994 conviction involved consensual, private conduct requires this Court to evaluate a guilty plea entered in another jurisdiction and is barred by *Heck*, as discussed above.

### 3.  Right of privacy

Menges's right of privacy claim, like his other claims, is based on arguments about the constitutionality of his conviction. As to whether Montana can rely on another state's registration requirement without analyzing the underlying conviction, Menges's claim fails because Montana Code Annotated § 46-23-502(9) is a neutral law based on legitimate, and even compelling, state interests. *See Mount*, ¶ 99 ("While [the offender's] right to privacy may be implicated by having to register and disclose his whereabouts. . . the State had a compelling interest in enacting the [Sexual Offender Registration] Act.").

# CONCLUSION

The Court should dismiss this case because Menges lacks standing and has failed to state a claim for relief.

DATED the March 19, 2021.

> AUSTIN KNUDSEN
> Montana Attorney General
> 215 North Sanders
> P.O. Box 201401
> Helena, MT 59620-1401
>
> By:   */s/ Hannah E. Tokerud*
>         HANNAH E. TOKERUD
>         Assistant Attorney General
>         Counsel for Defendants

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2), I certify that this brief is printed with a proportionately spaced Century Schoolbook text typeface of 14 points; is double-spaced except for footnotes and for quoted and indented material; and the work count calculated by Microsoft Word for Window is 1,911 words, excluding caption, certificate of service and certificate of compliance.

*/s/ Hannah E. Tokerud*
HANNAH E. TOKERUD
Assistant Attorney General
Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using cm/ecf system.  Participants in the case who are registered cm/ecf users will be served by the cm/ecf system.

Dated:  March 19, 2021          */s/ Hannah E. Tokerud*
                                      HANNAH E. TOKERUD
                                      Assistant Attorney General
                                      Counsel for Defendants